**Frederick Roy SMITH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19504.**

United States Court of Appeals
Ninth Circuit.

March 8, 1965.

John Drendel, Bradley & Drendel, Reno, Nev., for appellant.

John W. Bonner, U. S. Atty., Merlyn H. Hoyt, Asst. U. S. Atty., Reno, Nev., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of Court of Claims, and JERTBERG, Circuit Judge.

JERTBERG, Circuit Judge.

Following trial to a jury, appellant was convicted of the offense of violating 18 U.S.C. §§ 1153 and 113,[1] and committed to the custody of the Attorney General for imprisonment "for a period of TWENTY (20) YEARS, under section 4208(a), T. 18, U.S.C., subject to release by the Board of Paroles at any time they are reasonably assured that his mental

---

1. "§ 1153. Offenses committed within Indian country

"Any Indian who commits against the person * * * of another Indian * * * any of the following offenses, namely, * * * assault with intent to kill, assault with a dangerous weapon, * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States. * * *"

"§ 113. Assaults within maritime and territorial jurisdiction

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

"(a) Assault with intent to commit murder * * * by imprisonment for not more than twenty years. * * *"

condition is such that he can maintain his position in society, and that his mental condition and his attitude toward other people is such that he is safe to be released."

The amended information charged that:

"on or about May 26, 1963, within Indian Country, to-wit, the Pyramid Lake Indian Reservation, Washoe County, State and District of Nevada, above-named defendant, an Indian, did unlawfully and feloniously with intent to kill, assault by shooting with a .410 gauge shotgun, ARTHUR DUNN, an Indian, in violation of Sections 1153, and 113, Title 18, United States Code."

The facts concerning the commission of the assault are that on a Sunday morning appellant and other Indians were near the Indian Village of Nixon. Some or all of the Indians had been drinking intoxicating liquor. When Arthur Dunn, an Indian police officer employed by the Bureau of Indian Affairs, whose duty was to patrol and keep the peace on the Indian Reservation, approached the group, the appellant was seated in his automobile with another Indian, both of whom were drinking. The officer told appellant to go home. Appellant replied that he was not going to be pushed around. Whereupon the Indian officer slapped the appellant across the face. Appellant drove his automobile to his home at Nixon, obtained a .410 gauge shotgun and in company with his friend drove to the highway near the village where he again met Mr. Dunn. Appellant stopped his car at the side of the road and got out. Mr. Dunn, thinking that appellant wanted to talk to him, approached appellant who fired the shotgun point-blank at Mr. Dunn, severely injuring him in the head, face and left eye.

Prior to the trial appellant was found by the District Court to be mentally incompetent so as to be unable to understand the proceedings against him or properly assist in his own defense, and pursuant to 18 U.S.C. § 4244 was committed to the custody of the Attorney General. Thereafter, and prior to trial, the District Court found appellant to be mentally competent to stand trial, to understand the proceedings against him, and to properly assist in his own defense.

At the trial appellant interposed the defense of insanity. As his only witness, defendant called a clinical psychologist who concluded that appellant was a paranoid schizophrenic; that his condition was severe, having begun during adolescence, and was operative at the time of the crime. He further testified that appellant's actions were not subject to but were beyond his control, and at the time of the crime appellant did not know right from wrong; and as a result of the disease from which appellant was suffering he was not possessed of substantial capacity to conform his conduct to the requirement of the law.

On rebuttal the Government called a psychiatrist who expressed the opinion that appellant was capable of distinguishing between right and wrong at the time of the crime; that he was capable of knowing the nature of the act committed by him and was capable of organized thinking to accomplish his purpose of gaining revenge on the police officer.

On this appeal, appellant's sole specification of error is that the District Court erred in the giving of an instruction on the issue of insanity, to which appellant made timely objection, and in refusing to give an instruction on the same issue proffered by appellant.

The instruction given by the District Court on the issue of insanity, to which appellant objected, is in terms of the traditional right and wrong test, M'Naghten's Rule, as supplemented by the so-called irresistible impulse rule.

The instruction proffered by the appellant and refused by the District Court reads as follows:

"It is an essential element of the Information in this case that before convicting the defendant, you must be satisfied beyond a reasonable

doubt not only that the defendant committed the unlawful act, but that he was criminally responsible for his conduct; a person is not criminally responsible for his conduct, if at the time of such conduct, as a result of mental disease or defect, he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

"Before you may return a verdict of guilty in this case, you must be convinced beyond a reasonable doubt that at the time the accused committed the crime charged in the Information, he was mentally capable of knowing what he was doing, was mentally capable of knowing that it was wrong, and was mentally capable of controlling his conduct."

Appellant recognizes that the instruction given by the District Court on the issue of insanity is in the same form as the instruction approved by this court in Sauer v. United States, 241 F.2d 640 (9th Cir. 1957), C.D. 354 U.S. 940, 77 S.Ct. 1405, 1 L.Ed.2d 1539.

As authority for his proposed instruction appellant relies on Wion v. United States, 325 F.2d 420 (10th Cir. 1963). We have reviewed the Wion decision and do not find it sufficiently persuasive to change the rule of this Circuit as set forth in Sauer. We close this opinion by reiterating the views expressed in the closing paragraph of the Sauer opinion, 241 F.2d at page 652:

"But it is not for this court to undertake a drastic revision in the concept of criminal responsibility, a task which would necessitate a searching analysis of philosophies, purposes, and policies of the criminal law, and which might substitute freedom of insane persons for either confinement or commitment. If change there is to be, it must come from a higher judicial authority, or from the Congress."

The judgment of the District Court is affirmed.