Bernard Henry OLIVER, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 21385.

United States Court of Appeals
Ninth Circuit.

May 22, 1968.

United States, 241 F.2d 640 (9th Cir. 1957), cert. denied, 354 U.S. 940, 77 S.Ct. 1405, 1 L.Ed.2d 1539. Cf. Smith v. United States, 342 F.2d 725 (9th Cir. 1965); Kilpatrick v. United States, 372 F.2d 93 (9th Cir. 1967), cert. denied, 387 U.S. 922, 87 S.Ct. 2040, 18 L.Ed.2d 979. We are asked on this appeal to re-examine our holding in *Sauer*. It is the tradition of this court that such re-examination may be undertaken only by the court en banc.

This case was heard on July 5, 1967. At that time there was pending before the court en banc the case of Church v. United States, involving the issue of the proper definition of insanity. On July 10, 1967, the panel in this case ordered that any decision be deferred until there was a decision of this court en banc in *Church*. *Church*, together with Ramer v. United States, involving the same issue, was duly heard and on February 6, 1968, our en banc opinions were filed with dissenting opinions, 390 F.2d 564. We did not reach a re-examination of *Sauer*. A petition for rehearing in *Church* was filed and denied en banc on March 25, 1968.

Following the filing of the opinions in *Ramer* and *Church* the panel hearing this case requested the whole court to accept this case for an en banc hearing. On March 14, 1968, the whole court, by a divided vote, declined to accept it.

■ This leaves *Sauer* as the controlling case upon the issue of the proper definition of insanity. Because a majority of the judges has concluded that this is not an appropriate case in which to reconsider the views expressed in *Sauer*, we, as a panel, must and do decline to do so.

■ There is no merit to the second point raised by appellant as to instructions on the burden of proof as to sanity —because (a) the instruction now criticized was part of one offered by defendant; (b) no exception was taken to the instruction when and as given; and (c)

Jay B. Pendleton (argued), San Jose, Cal., for appellant.

Sidney I. Lezak (argued), U. S. Atty., Portland, Or., for appellee.

Before BARNES and MERRILL, Circuit Judges, and von der HEYDT *, District Judge.

BARNES, Circuit Judge:

The principal issue presented on appeal is whether the district court erred in defining insanity in terms of the *M'Naghten* rule as extended by the so-called irresistible impulse rule. In so acting the district court was following the holding of this court in Sauer v.

---

* James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

the jury was properly instructed elsewhere on the government's burden to prove defendant's sanity.

■ There is likewise no merit to appellant's third point—the refusal of the court to let appellant's wife testify as to appellant's conduct at a time described by appellant's counsel as "well after the robbery"; and by the court as "four months after the robbery", "in May or June", 1966. The robbery occurred February 2, 1966; appellant met his future wife on February 3, 1966, and married her on February 4th, 1966.

No objection was made by the government to such testimony, but the court observed that he considered the testimony irrelevant. Appellant's trial counsel said, "All right," and offered no further proof and asked no further questions. Mrs. Oliver was permitted to freely testify as to her husband's drinking habits and conduct during the period immediately after the robbery. (R.T. 72, 73.)

We affirm the judgment of conviction.