**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**LOCAL 160, INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS UNION OF AMERICA, AFL–CIO, Respondent.**

**No. 12569.**

United States Court of Appeals Seventh Circuit.

June 25, 1959.

Thomas J. McDermott, Associate General Counsel, Jerome D. Fenton, General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Arnold Ordman, Herman Levy, Attorneys, National Labor Relations Board, Washington, D. C., for petitioner.

Harold Gruenberg and John M. Schobel, St. Louis, Mo., for respondent.

Before MAJOR, SCHNACKENBERG and PARKINSON, Circuit Judges.

MAJOR, Circuit Judge.

This case is here on petition of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act, as amended (61 Stat. 136, 29 U.S.C.A. § 151 et seq.), for the enforcement of its order issued June 17,

1958, against respondent, Local 160, International Hod Carriers, Building and Common Laborers Union of America, AFL-CIO, following the usual proceedings under Sec. 10 of the Act. The Board's decision and order are reported at 120 N.L.R.B. p. 1453. This Court has jurisdiction of the proceeding, the unfair labor practices having occurred at Grand Tower, Illinois, within this judicial circuit.

The Board held that the Union violated Sec. 8(b)(1)(A) and (2) of the Act by executing and maintaining in effect a collective bargaining agreement which contained a provision illegally conditioning continued employment on membership in the Union.[1] The Board's decision and order are predicated on its finding that the agreement was executed on July 11, 1956, before the hiring of any employees whom the Union was authorized to represent. Both parties in their briefs recognize this finding as presenting the decisive issue. Respondent contends that it is not supported by substantial evidence, the Board contends to the contrary. Thus, in the posture of the presentation there is no occasion to quote or discuss the provisions of the statute upon which the unfair labor practice charged is predicated.

■ We are convinced from our review of the entire record that the Board's finding as to the date of the execution of the agreement is without substantial support and must be rejected. Our reasons for thus concluding may be stated without entering a detailed discussion of the evidence. In May 1956, Foundation Company was awarded certain construction work in connection with the erection of an addition to a power plant located at Grand Tower, Illinois. Andersen, superintendent of construction, contacted Ellet, job steward for respondent, for the purpose of obtaining four laborers. On July 12, the four laborers reported for and commenced work. The

agreement was presented to Foundation by Watson, business agent of respondent, and was signed by Andersen on behalf of Foundation and Watson on behalf of the Union. As noted, the Board found that the agreement was executed on July 11 (the day before the four men commenced work), while respondent contends that it was executed on July 13 (the day after the four men commenced work).

■ General counsel for the Board, at the hearing before the Trial Examiner, offered three witnesses, Andersen, Ellet and Watson, all of whom testified either directly or in effect that the agreement was executed July 13. Each of these witnesses, however, had previously executed an affidavit relating to the date of the execution of the agreement, and Andersen in his affidavit had specifically stated that it was executed on July 11. The Board apparently entirely ignored the testimony of these witnesses given at the hearing and relied almost entirely upon statements contained in their affidavits. While the three witnesses were being interrogated the Board's counsel called their attention to the affidavits and offered them in evidence. They were admitted without objection. It is evident from a reading of the record that they were offered for the purpose of impeachment, and, in our view, their effect should be limited accordingly. The Second Circuit, in N.L.R.B. v. Quest-Shon Mark Brassiere Co., Inc., 185 F.2d 285, 289, considered this point and, after quoting Wigmore on Evidence, stated: "Hence prior inconsistent statements are admissible not as affirmative evidence to prove the truth of what they affirm, but only as matter tending to show that the witness is not credible, because he has changed his story."

The Board cites Wong Ken Foon v. Brownell, 9 Cir., 218 F.2d 444, 446, in support of its contention that the contents of the affidavits constituted admis-

---

1. The agreement was between the Union and Foundation Company, the employer. Based upon the agreement, the company was also charged with the commis-

sion of unfair labor practices. The charges against it have been disposed of and are not here involved.

sions against interest and for that reason constituted affirmative testimony. In the cited case, however, the inconsistent statements were made by a party to the litigation, which distinguishes it from the instant situation.

We perhaps have pursued this evidentiary point further than necessary because there is a more compelling reason why we think the finding under attack should not be accepted. A resolution of the issue by the Trial Examiner depended upon his appraisement of the credibility of the witnesses. He saw and heard them testify, including their explanations as to any inconsistent statements contained in the affidavits. As already noted, the only directly inconsistent statement in the affidavits was contained in that of Andersen wherein he fixed the date of the execution of the agreement as July 11. As a witness, he made a plausible explanation as to why he stated a date which he later determined was in error. There being nothing involved other than an issue of credibility, we think the Board went too far in its refusal to accept the Trial Examiner's resolution of the issue as to when the agreement was executed. See Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 496, 71 S.Ct. 456, 95 L.Ed. 456; N.L.R.B. v. James Thompson & Company, Inc., 2 Cir., 208 F.2d 743, 745-746, and United States Steel Co., Joliet Coke Works v. N.L.R.B., 7 Cir., 196 F.2d 459, 463.

Another fallacy in the Board's reasoning arises from its misinterpretation of the Trial Examiner's intermediate report which it characterizes as misleading and confusing. We think this characterization can be more aptly directed at the Board's reasoning. While the Trial Examiner made no express finding as to the date on which the agrement in controversy was executed, he did expressly find that it was executed after the four workmen were employed and commenced work. The Board in its decision states, "The Trial Examiner expressly found that the contract was signed on July 11, 1956." In fact, the Board in its decision places much reliance on this assertion.

Obviously, if the Trial Examiner made this finding, it would conflict with his finding that the agreement was executed after the four men commenced work because it is not disputed that they commenced work on July 12.

The asserted finding upon which the Board relies is contained in a paragraph in the Examiner's Report, which commences, "The General Counsel argues in his brief that * * *." The same paragraph, word for word, is contained in a footnote to a general counsel memorandum submitted to the Trial Examiner. It is evident, so we think, that the Trial Examiner was merely setting forth the position of the general counsel, which the Trial Examiner rejected by the express finding that the agreement was executed after the four men commenced work. This misinterpretation by the Board of the Examiner's report on the decisive issue of the case would in itself call for a rejection of the premise upon which the Board rests its case.

For the reasons stated, the Board's petition for a decree enforcing its order must be, and is hereby, denied.