Van Voorhis, J.
The Trial Commissioner cleared appellant of each of the charges against him. The only one which remains for our consideration is Specification 7, of which he was acquitted by the Trial Commissioner but found guilty by the Police Commissioner, which is that, without corrupt motive, Lieutenant Kelly “ off duty and in civilian clothes, acting in concert with Patrolman Flynn mentioned in Specification 1, at or about 9:45 a.m., February 23, 1962 at 68th Street and Fourth Avenue, Brooklyn, did without just cause solicit and advise Patrolman Terrance W. McPhillips, Shield 21842, 5th Precinct, also off duty and in civilian clothes, to make a false statement if and when questioned by a superior officer or other proper authority regarding the presence of the said Ralph Cozzino mentioned in Specification 1, in the 5th Precinct Station House on February 23, 1962 at about 3:30 a.m.” It is sufficiently established for the purposes of a departmental trial that Byrne and Flynn sought to obtain $500 from Cozzino in exchange for agreeing not to prefer charges against him when he was arrested under suspicious circumstances on the early morning of February 23, 1962. It is also established for this proceeding that Patrolman McPhillips, against whom neither criminal nor departmental charges appear to have been made, was aware of what Byrne and Flynn were doing and became a party to their attempted extortion of money from Cozzino, although he declined an offer by Flynn to split with him the $500 to be obtained from Cozzino and cut Byrne out of the deal. Actually no money was obtained and Byrne, Flynn and McPhillips had their early morning hours’ *208 labor for their pains since Cozzino reported to the District Attorney’s office and never paid a cent. He had a previous criminal record, but was not guilty of doing anything at this time for which he could have been arrested or convicted.
There is no circumstantial or other evidence corroborating or lending credence to McPhillips ’ testimony. In Matter of Evans v. Monaghan (306 N. Y. 312, 319-320) we said that “ we have not lost sight of the statement made by the dissenting justices at the Appellate Division: ‘ While technically section 399 of the Code of Criminal Procedure may not be formally applicable, the basic reason for its salutary purpose should in fairness and justice be not lost sight of in police trials upon charges involving criminality.’ (282 App. Div. 382, 396.) * * * The requirement of ‘ some corroboration in order to command the judicial confidence ’ laid down in civil actions such as Moller v. Moller (115 N. Y. 466), and McCarthy v. McCarthy (143 N. Y. 235), was said in Winston v. Winston (165 N. Y. 553, 556-557) to be not a rule of evidence, but one for the guidance of the judicial conscience. * * * The corroboration which such evidence should receive must, simply, be such as to justify a belief that the incriminating testimony given is true.’ ”
In the Evans case the circumstances lending credence to the testimony of the complaining witness were held to consist in the proven accuracy of much of his testimony regarding details that were not, in themselves, incriminating, and in the magnitude of his gambling operations within the areas of command of the police officers combined with the almost complete absence of action taken by them to enforce the gambling laws against him.
No such corroborating circumstances ■ exist here.
Although it is true that the police are sometimes described as a semimilitary organization subject to stricter discipline than most other administrative organizations, it is a career service, the stability of which is recognized to be due in considerable part to their tenure of office, from which they cannot be removed for political reasons or at the whim or caprice of superior officers or of the municipal administration but only on evidence after a hearing on charges. Substantial evidence in such instances requires more than merely some evidence from unreliable sources. The defects and remedial steps in the substantial evidence rule are related in the interesting opinion by Justice *209 Frankfurter speaking for the Supreme Court in Universal Camera Corp. v. Labor Bd. (340 U. S. 474), where the adoption by the Congress of the Administrative Procedure Act and the TaftHartley Act were cited as bearing upon the degree of proof which should be required by the courts in assaying what is substantial evidence. The Supreme Court’s opinion in the Universal Camera case said (p. 487): “From the legislative story we have summarized, two concrete conclusions do emerge. One is the identity of aim of the Administrative Procedure Act and the Taft-Hartley Act regarding the proof with which the Labor Board must support a decision. The other is that now Congress has left no room for doubt as to the kind of scrutiny which a Court of Appeals must give the record before the Board to satisfy itself that the Board’s order rests on adequate proof.” It was pointed out that both of those statutes referred to ascertaining the existence of substantial evidence “ upon the whole record ” which meant that reviewing courts “ are not to abdicate the conventional judicial function ” (p. 490) and that (p. 487): “ Whether or not it was ever permissible for courts to determine the substantiality of evidence supporting a Labor Board decision merely on the basis of evidence which in and of itself justified it, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn, the new legislation definitely precludes such a theory of review and bars its practice. The substantiality of evidence must take into account whatever in the record fairly detracts from its weight. This is clearly the significance of the requirement in both statutes that courts consider the whole record. ’ ’
The Few York State rule has long been that whether evidence is substantial is to be determined “ in the light of the record as a whole ” (Matter of McCormack v. National City Bank, 303 N. Y. 5, 9, citing Universal Camera Corp. v. Labor Bd., 340 U. S. 474, 487, supra; Matter of Riehl v. Town of Amherst, 308 N. Y. 212, 215).
It is of significance that in the appeal at bar the Trial Commissioner exonerated appellant. In the Universal Camera case it was said (p. 493) that “ surely an examiner’s report is as much a part of the record as the complaint or the testimony ’ ’, and that, although it is not conclusive against being overruled *210 by the board or Commissioner that sits in judgment without having seen or heard the witnesses, the trial examiner’s report is entitled to weight in determining the existence of substantial evidence particularly “‘to the extent that material facts in any case depend on the determination of credibility of witnesses as shown by their demeanor or conduct at the hearing ’ ’ ’ (quoted from the Senate committee report on the Administrative Procedure Act :at page 496 of 340 U. S.) There is no reason on account of which we should depart from these standards of judgment in applying State law, nor have we done so as appears from the cases in this court cited above. In the Federal Courts of Appeal the findings of trial examiners on questions of credibility are frequently followed in deciding whether the evidence before the board or Commissioner was substantial. In Boeing Airplane Co. v. National Labor Relations Bd. (217 F. 2d 369, 375-376), the board was reversed and the determination of the trial examiner reinstated where ‘ ‘ the Trial Examiner discredited the testimony of Gerber ” whereas “ The Board gave credibility to Gerber and discredited Morrell ”.
In National Labor Relations Bd. v. Local 160, Int. Hod Carriers Union (268 F. 2d 185, 187), it was said: “ A resolution of the issue by the Trial Examiner depended upon his appraisement of the credibility of the witnesses. He saw and heard them testify, including their explanations as to any inconsistent statements contained in the affidavits. * * * There being nothing involved other than an issue of credibility, we think the Board went too far in its refusal to accept the Trial Examiner’s resolution of the issue as to when the agreement was executed ”, citing Universal Camera Corp. and other cases.
To the same effect are National Labor Relations Bd. v. Thompson & Co. (208 F. 2d 743 [L. Hand, J.]); United States v. Holton (222 F. 2d 840); Dobbs Houses, Inc. v. National Labor Relations Bd. (325 F. 2d 531).
In the case at bar McPhillips, on whose testimony alone depends the sustaining of this charge, admitted that he never reported Cozzino’s offer of a bribe, and that he never made an . entry in his memorandum book (which was completed by 8:00 a.m. on February 23) concerning any aspect of the arrest of Cozzino. Plainly, McPhillips ’ purpose to conceal his knowledge of or dealings with Cozzino preceded the alleged meeting *211 with Lieutenant Kelly later that day at Bay ridge, which is the occasion when Kelly is charged with having urged McPhillips to deny Cozzino’s presence at the police station.
McPhillips’ pursuit of Flynn and Byrne outside of his territory without noting where he went or why, in violation of rules of the department, suggests some ulterior purpose. He admitted making false entries in his memorandum book, allowing Flynn to copy them, and his version of meeting Kelly later that morning at Bayridge and being told by him that it was best to say that Cozzino never came into the station house, which was denied by Kelly and Flynn, is impeached by his own earlier testimony that, when he was asked by the trial examiner about what the conversation on this occasion was, he replied: “ Your Honor, if I said anything I would be guessing.”
Under all of these circumstances, we consider that Specification No. 7 was not established against appellant by substantial evidence, and that the order appealed from should be reversed and the relief sought in the petition granted.
Judges Burke, Scileppi and Keating concur with Judge Van Voorhis; Chief Judge Fuld and Judges Bergan and Breitel dissent and vote to affirm on the ground that the determination of the Police Commissioner was .supported by substantial evidence and that the question of the credibility of the witness McPhillips was exclusively for the Police Commissioner to determine.
Order reversed, with costs in this court and in the Appellate Division, and matter remitted to Special Term for entry of judgment granting the relief prayed for in the petition.