After a hearing held before said board, the petitioner was found guilty of the charge, and was punished by a forfeiture of 10 days’ pay.
It further appears that said hearing was held under section 75 of the Civil Service Law of the State of New York.
The petitioner feels aggrieved by the above-mentioned penalty and appeals the same pursuant to section 76 of the aforesaid Civil Service Law.
To be sure, the burden of proving incompetency or misconduct of the petitioner rests upon the person alleging the same, viz: the Board of Public Safety of the City of Oneonta. Said section 75 further provides that compliance with technical rules of evidence shall not be required.
It appears to be undisputed that the present record before the court on appeal is incomplete due to some malfunction in the operation of the transcribing instrument. It also appears from the argument before the court that the petitioner, together with a fellow officer, while investigating the unlocked condition of a store in the City of Oneonta, took a couple of pieces of cheese from the premises, and while eating them, thanked the manager for the .same.
*380 It further appears that the petitioner has been employed by the city in his present capacity, with an unblemished record, for a substantial number of years, this being his first alleged offense of any nature, and his superior, the Chief of Police, rating the petitioner as a more than efficient officer.
It is the opinion of the court that the forfeiture of 10 days’ pay due the petitioner, which exceeds the sum of $100, is illegal in view of the fact that said sum is greater than the maximum fine permitted under section 75 (subd. 3) of the Civil Service Law.
This court does not condone any improper act on the part of any law enforcement officer; however, in view of the incomplete record before it, and further in view of the petitioner’s prior good conduct record, and also in view of the facts presented at the hearing, it would seem that a reprimand by the board of the petitioner would have been sufficient under all the circumstances.
An order may be submitted directing that the petitioner be reimbursed for the 10 days’ forfeiture of pay, heretofore directed by the Public Safety Board of the City of Oneonta, New York, and that the determination of said board against the petitioner herein is hereby reversed, and that charges be dismissed.