**Casimer KOTT, Appellant,**

v.

**CITY OF FAIRBANKS, Appellee.**

**No. 6715.**

Supreme Court of Alaska.

March 11, 1983.

Kenneth P. Ringstad, Rice, Hoppner, Brown & Brunner, Fairbanks, for appellant.

Howard Staley, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

Sergeant Casimer Kott was dismissed from the Fairbanks Police Department because he erased a portion of a videotape. The portion he erased contained material that could have been construed as evidence that he used excessive force against a person arrested for operating a motor vehicle while intoxicated. This is an appeal taken by Kott from the judgment of the superior court affirming his dismissal. Kott's principal arguments on appeal are that (1) the superior court's findings of fact are not supported by substantial evidence, and (2) the remedy of dismissal is a denial of equal protection because other officers have not been dismissed for allegedly similar conduct. For the reasons set forth below, we conclude that both of these arguments are without merit and, accordingly, we affirm the judgment of the superior court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time of the incident giving rise to Kott's dismissal, Kott was a sergeant with the Fairbanks City Police Department and had fourteen years of experience with law enforcement · agencies. Prior to January 1979, Kott had not been the subject of any disciplinary proceeding and had been formally reprimanded only once.

On the evening of January 10, 1979, Kott assisted Officer Hills in the arrest of Terry Burtis for, among other things, operating a motor vehicle while intoxicated. Kott transported Burtis to the police station. Lieutenant Bonneville commenced videotaping Burtis while Kott attempted to have Burtis perform an OMVI balance test. Burtis was highly uncooperative. He strenuously objected to being videotaped and attempted to leave the camera's view several times.

During the course of events, Burtis left the foyer, where the videotaping was occurring, and entered a women's restroom nearby. Kott followed Burtis and an altercation ensued. Kott believed at one point that Burtis was about to strike him, so Kott struck Burtis in the chest with his fist. Burtis responded that this was "police brutality." Burtis then grabbed onto a stall partition in the restroom. Kott broke this grip by bringing his forearm across Burtis' wrist. Burtis then ran out of the women's restroom and into the men's restroom across the hall. Lieutenant Bonneville placed Burtis in an armlock, removed him from the restroom, and pushed him against a wall. Kott placed Burtis in handcuffs. The OMVI testing was discontinued and Burtis was transported to the Correctional Center. At this point, the videotaping was stopped.

Later that evening, Kott reviewed the tape. He played it several times at the request of other officers, who "were curious and amused by the antics which Burtis had displayed." The tape had fully recorded the sequence of events until the point at which Burtis left the foyer and entered the women's restroom. The videotape recorded some of the sounds emanating from the

restrooms, but all speech was indiscernible. Officer Fox, another member of the Fairbanks Police Department, viewed the tape with Kott that evening. Fox subsequently testified that the tape had recorded sounds like "smack, smack" and a sound like something bumping against the wall. Kott indicated to Fox that he believed those were the sounds produced when he struck Burtis in the chest and when Burtis hit the wall.

Kott states that during the evening he openly discussed erasing this part of the tape. Later that evening, he rewound the tape to the point at which Burtis left the view of the camera to enter the restroom. Kott then erased the remainder of the tape relating to Burtis. The erasure took place in the foyer, which is a heavily used part of the station, and at least one other policeman was present at the time.

Kott's motivation for erasing the tape is a central point to his dismissal and this appeal. He contends that the reason he erased the tape is that he determined, in his discretion, that the tape had no evidentiary value "whatsoever" once Burtis left the viewing of the camera and entered the restroom. Officer Fox testified at Kott's administrative proceedings that he was with Kott during one of the times Kott reviewed the tape and, after the "smack, smack" and "bumping" sounds were replayed, Kott stated, "God, that doesn't look too good, you know, the—I gotta get this offa here." Another policeman, Officer Bellville, testified that Kott stated words to the effect of "this has to go" after Kott had listened to the last section of the tape. At the administrative hearing, Kott denied saying "this has to go." He has not, however, denied making the other statement to Officer Fox, either at the administrative hearing or on appeal.

On January 11, 1979, the day following his arrest, Burtis appeared at an arraignment and admitted that he had been drunk. He indicated at that time that the police had "worked him over." This precipitated an in-house investigation, during which Kott and Lieutenant Bonneville were suspended without pay. After the investigation was completed, they were both terminated by the City Manager, but on the basis of their "destruction of evidence," rather than for assault or use of excessive force.

Kott requested the City Manager to reconsider his decision and permit Kott to orally refute the charges against him. The City Manager held an informal hearing on May 1, 1979, and subsequently notified Kott that upon further consideration he had nonetheless decided to uphold his original decision terminating Kott's employment. The City Manager further notified Kott that within fifteen days Kott could submit a written request for further review of his dismissal to the Commission on Ethics and Appeals [the "Commission"].

Rather than seeking review from the Commission, Kott filed a complaint with the superior court, alleging that the City of Fairbanks had wrongfully terminated him. The City filed a motion for summary judgment, contending that Kott's action should be dismissed because he had failed to exhaust his administrative remedies. The superior court denied this motion. On Petition for Review, this court reversed the denial of summary judgment, holding that Kott was required to seek review from the Commission and thereby exhaust his administrative remedies before filing suit against the City.

The Commission subsequently convened a hearing on Kott's appeal, at which sworn testimony was presented. It was the unanimous recommendation of the Commission that the City Manager's decision to dismiss Kott remain in effect. The City Manager accepted that recommendation and notified Kott accordingly. Kott then appealed this decision to the superior court. On February 4, 1982, the superior court issued its Findings of Facts and Conclusions of Law, affirming Kott's dismissal. This appeal followed.

## II. DISCUSSION

### A. *Substantial Evidence*

Kott contends that the judgment of the superior court must be reversed because the

City of Fairbanks did not produce sufficient evidence that Kott's conduct constituted a "substantial shortcoming which renders his continuance in office detrimental to the discipline and efficiency of the service." *Onesto v. Police Board,* 92 Ill.App.3d 183, 48 Ill.Dec. 118, 416 N.E.2d 13, 16 (Ill.App.1980). *See also Kelly v. Murphy,* 20 N.Y.2d 205, 282 N.Y.S.2d 254, 229 N.E.2d 40, 42 (N.Y. 1967); *Kreck v. Board of Public Safety,* 65 Misc.2d 379, 318 N.Y.S.2d 587, 588 (N.Y. App.Div.1971) (burden of proving incompetency or misconduct rests on administrative body). The City of Fairbanks concedes, for purposes of this appeal, that this is the proper standard of review. It contends that in accordance with this standard the judgment must be affirmed. We agree.

■ The Fairbanks Code of Ordinances, section 2.523(G), Rule VII(9), provides in relevant part as follows:

(9) *Dismissal.* The city manager, or his designee, may dismiss any employee for the good of the service. Reasons for dismissal may include but shall not be limited to:

(a) failure to meet prescribed standards of work, morality and ethics to an extent that makes an employee unsuitable for any kind of employment in the city service;

(b) theft or destruction of city property;

(c) incompetency, inefficiency or negligence in the performance of duty;

. . . .

(f) [n]otoriously disgraceful personal conduct;

. . . .

The City Manager cited subsections (a), (b), (c) and (f) as reasons for Kott's dismissal. The superior court granted a "trial de novo upon the record" pursuant to Appellate Rule 609.[1] In its Findings of Facts, the court stated that "Sergeant Kott made the decision to erase the portion of the tape containing the restroom noises and that he, in fact, later erased that portion of the tape outside the presence of other officers." The court impliedly accepted Officer Fox's testimony and rejected Kott's self-serving statements of his motivation for erasing the tape; it found that "Sergeant Kott erased said portion of the tape in order to destroy what he thought to be potentially damaging evidence of brutality on his part against Burtis while in the restroom." The court's Conclusions of Law were, in relevant part, as follows:

1. Alaska R.App.P. 609 states as follows:

After notice of appeal to the superior court has been given, the superior court shall have power to make such orders as are necessary and proper to aid its appellate jurisdiction. In its discretion the superior court may in lieu of an appeal, grant a trial de novo in whole or in part. If such trial de novo is granted, the action shall be considered as having been commenced in that court at the time the record on appeal is filed. All further proceedings in such action shall be governed by the rules governing procedures in the superior court, except that no summons nor any amendment or additional pleadings shall be served unless authorized or required by the court. The hearing or trial of the action shall be upon the record thus filed and upon such evidence as may be produced in the superior court.

The superior court requested briefing from the parties on the question of whether it should grant a trial de novo or not. Kott submitted a memorandum in which he contended that a trial de novo should be granted. The City urged the court to limit its review to matters on the record. The court initially decided that the

"appeal procedure shall be on the record." It later exercised its discretion, however, to grant a "trial de novo on the record." This is not a common procedure on appeal from an administrative decision. It is within the ambit of possibilities under Appellate Rule 609, which grants the court discretion to grant a trial de novo "in whole or in part." The procedure merely means that the court did not accept new evidence from the parties, but proceeded on the record filed by the parties as though the court were making the initial determination of whether the City Manager's decision to dismiss Kott was proper. This procedure would be appropriate where, for example, the administrative decision maker is tainted with bias but there was a proper presentation of evidence at the administrative hearing. *State v. Lundgren Pacific Construction Co.,* 603 P.2d 889, 896 n. 18 (majority opinion) and 898–99 (Matthews, J., concurring) (Alaska 1979). No challenge is made here to the trial court's discretionary utilization of this procedure. Thus, our review is not of the administrative decision to continue Kott's dismissal, but of the superior court's decision affirming the City Manager's dismissal of Kott.

Sergeant Kott's erasing of the tape exhibited unsatisfactory personal conduct below the level of that expected of a police officer in the performance of his duties and that such conduct warrants disciplinary action by the City.

. . . .

. . . The City gave as its reasons for dismissal, F.G.C. § 2.523 G 9(a)(b)(c)(f). Sub-paragraph (a) speaks of violations of "prescribed standards."

As near as this Court can determine from the record, neither the City or the Police Department has prescribed or promulgated such standards of "work morality and ethics." Sergeant Kott had no way of knowing whether his conduct in this situation would warrant dismissal. Furthermore, this Court cannot find that such non-existent standards were violated and thus dismissal was not warranted under subparagraph (a).

Sergeant Kott clearly destroyed city property (subparagraph (b)). Evidence was erased and regardless of its later proven value, Sergeant Kott should have realized at the time that the tape should have been preserved. Assuming *arguendo* that other officers destroyed evidence in the past, this does not excuse Sergeant Kott, with some fourteen years of law enforcement experience, in this instance.

It cannot be said that Sergeant Kott was incompetent, inefficient or negligent as these words are commonly understood. (Subparagraph (c)).

Finally, Sergeant Kott, as a sergeant with many years experience should have known better than to destroy evidence in such a self-serving fashion. An officer of his rank sets examples for those beneath him. Furthermore, officers with lower rank and experience are not likely to "blow the whistle" on a superior which serves to give Sergeant Kott a certain immunity within the department for his acts. He is charged with a greater responsibility to behave with integrity and to avoid even the appearance of impropriety.

Therefore, his conduct falls within the "notoriously disgraceful" category which can warrant dismissal.

Accordingly, the City Manager's decision to dismiss Sergeant Kott is affirmed.

■ Kott first suggests that his dismissal was arbitrary and capricious because the erased portion of the tape could not constitute meaningful evidence in the City's prosecution of Burtis for driving while intoxicated. This argument is without merit. The reproachable nature of Kott's conduct in erasing the tape arises not from the tape's relevance to the City's prosecution of Burtis, but from its relevance to Burtis' charge that Kott used excessive force against him.

Kott contends that "[t]here was no potentially damaging evidence of brutality on the erased portion of the tape. Therefore it was not erased to destroy damaging evidence." This is a conclusion that is not supported by any evidence other than Kott's own self-serving statements, which have been rejected by all factfinders in this case. Assuming that no excessive force was used by Kott against Burtis, nonetheless, the evidence indicates that Kott believed that the sounds recorded at the end of the tape could be construed as evidence of police brutality. Whether or not the evidence was in fact "damaging," Kott thought it would be, and that is why he erased it.

Kott next contends that if this court "carefully considers the complete calculus of circumstances surrounding [his] partial erasure of the videotape, it will discover that [he] was guilty of little more than an error in judgment." The City Manager, the Commission, and the superior court each carefully considered "the complete calculus of circumstances" and concluded that Kott was guilty of significantly more than a mere "error in judgment." We believe there is substantial evidence supporting this conclusion. Kott further contends that discretion is vested in an officer to determine whether or not evidence should be preserved. Assuming, for the sake of discussion, that such discretion exists, substantial evidence indicates that Kott abused this

discretion when he chose to erase that portion of the tape he stated "doesn't look too good." Kott argues that he lacked any "evil motive," and therefore his conduct does not warrant dismissal. Again, the evidence indicates that Kott erased a portion of the tape because he believed it did not "look too good" for him. It is difficult to characterize this as conduct arising out of "the best of intentions."

■ Kott's next argument is that none of the specific ordinance subsections presents a ground for his dismissal. We disagree. As the superior court stated in its Conclusions of Law:

> Sergeant Kott clearly destroyed city property (subparagraph (b)). Evidence was erased and regardless of its later proven value, Sergeant Kott should have realized at the time that the tape should have been preserved. Assuming *arguendo* that the other officers destroyed evidence in the past, this does not excuse Sergeant Kott, with some fourteen years of law enforcement experience, in this instance.

Kott contends that the erasure of tapes is not the type of "theft or destruction of city property" contemplated by Rule VII(9)(b). Kott suggests that this subparagraph only contemplates the destruction or theft of tangible items, such as the tape itself. We conclude that the deliberate erasure of a tape, believed by the person who erases it to contain incriminating evidence against him, constitutes the destruction of city property within the meaning of Rule VII(9)(b).

■ We also agree with the superior court that Kott's conduct was "notoriously disgraceful" within the meaning of subparagraph (f), to the extent that the conduct was obviously disgraceful and it was "notorious" in the sense that many of Kott's fellow officers were aware that he erased the tape. We do not believe that it was necessary for the entire community of Fairbanks to be aware of Kott's conduct and the reasons for it in order to characterize it as notorious. The superior court aptly noted that an officer of Kott's rank "sets examples for those beneath him .... [O]fficers

with lower rank and experience are not likely to 'blow the whistle' on a superior ...." In the context of the example Kott set for his fellow officers by destroying evidence he believed was harmful to himself, we conclude that Kott's conduct was "notoriously disgraceful."

We further note that Rule VII(9) specifically states, "The city manager, or his designee, may dismiss any employee for the good of the service. Reasons for dismissal may include but shall not be limited to ...." The City Manager dismissed Kott for the good of the service with articulable reasons for so doing. Kott's conduct was reprehensible and his dismissal was not for an arbitrary or capricious reason.

Kott emphasizes the superior court's statement that he "is charged with a greater responsibility to behave with integrity and to avoid even the appearance of impropriety." To the extent that Kott is suggesting he was dismissed for the mere appearance of impropriety, we reject his argument. As we have indicated, there is substantial evidence supporting the superior court's conclusion that Kott did not merely create the appearance of impropriety, but in fact acted improperly. Kott further contends that the superior court's statement that he "had no way of knowing whether his conduct in this situation would warrant dismissal" is inconsistent with and precludes upholding his dismissal. We disagree. It is not clear if this statement refers to Kott's personal knowledge or to whether a "reasonable person" would have known that similar conduct would warrant dismissal. We believe it is immaterial whether Kott personally realized at the time he erased part of the tape that this could result in his dismissal because we conclude as a matter of law that the "reasonable officer" would realize that erasing the portion of a tape that appeared to incriminate him would warrant his dismissal.

■ Kott's last argument on this issue is that the sanction of dismissal is "unjustified and excessive" according to "precedential authority." The precedential authority re-

ferred to is a series of cases from other jurisdictions, which are not binding upon this court. Fairbanks Ordinance section 2.523(G), Rule VII(9) specifically states, "The city manager ... may dismiss any employee for the good of the service." The City Manager of Fairbanks made a reasoned determination that Kott's dismissal would be for the good of the service. We see no justification for our interference with that determination in this case.

B. *Equal Protection*

■ Kott contends that his dismissal violates equal protection because other officers have not been dismissed for allegedly similar conduct. It may be true that other officers have destroyed evidence they incorrectly believed no longer had any evidentiary value. This, however, is not conduct similar to Kott's. The entire basis of Kott's dismissal is that he destroyed evidence he believed could be interpreted as indicating that he used excessive force against Burtis. The finders of fact in this case have consistently found that Kott did not erase the tape merely because he believed it had no evidentiary value, but instead because he be-

lieved that it did have some evidentiary value *against him*. Insofar as Kott's conduct is different from that of other officers, the difference in the way the City Manager responded to his conduct does not violate equal protection.

## III. CONCLUSION

We conclude that there is substantial evidence supporting the superior court's decision that Sergeant Kott was properly dismissed from the Fairbanks Police Department. Furthermore, we conclude that Kott's dismissal does not violate equal protection. Accordingly, the judgment of the superior court is affirmed.

AFFIRMED.

CONNOR, J., not participating.