◼ In the Matter of ELLA M. HAYES, Petitioner, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.—Determination unanimously annulled on the law with costs and petition granted, in accordance with the following memorandum: In this original CPLR article 78 proceeding, petitioner challenges respondent's determination finding her guilty of patient abuse in violation of Public Health Law § 2803-d and 10 NYCRR part 81. Petitioner, a nursing assistant employed at a nursing home, was accused by a coemployee of squeezing a patient's scrotum while washing him. The patient had cancer of the scrotum which apparently rendered his perineum extremely sensitive; moreover, the patient by all accounts was an extremely difficult patient who resisted and screamed whenever he was bathed. Because of his mental condition, the patient was unable to give an account of the incident to the departmental investigator or to testify at the hearing. Thus, the only eyewitness accounts came from petitioner and the coemployee. In petitioner's statements to the investigator and in her testimony at the hearing, petitioner denied the incident and attributed the false report to the fact that her coemployee was prejudiced against blacks.

The coemployee's statements to the investigator, on the other hand, were sharply at odds with her testimony at the hearing.

Following the hearing, the Administrative Law Judge expressly found petitioner's testimony credible, discredited the coemployee's testimony and concluded that petitioner had not engaged in inappropriate physical contact with the patient. Consequently, he recommended that the report of abuse be expunged.

The Commissioner rejected the Administrative Law Judge's finding that the coemployee's view of the incident had been blocked by petitioner and by the sink, as well as his finding that petitioner did not squeeze the patient's scrotum. He also rejected the Administrative Law Judge's conclusions. The Commissioner concluded that petitioner had committed an act of physical abuse by engaging in inappropriate physical contact that harmed or was likely to harm the patient.

The Commissioner's determination of patient abuse is not supported by substantial evidence, but is based on an irrational assessment of credibility *(Matter of Kelly v Murphy,* 20 NY2d 205, 207-208, 210-211, cited with approval in *Matter of Berenhaus v Ward,* 70 NY2d 436, 445; *see generally, Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388; *Matter of Simpson v Wolansky,* 38 NY2d 391, 394). In the unique circumstances of this case, we conclude that the Administrative Law Judge resolved the credibility issue the only way it reasonably could have been resolved. The coemployee's testimony is incredible as a matter of law. Although her initial report to the department indicates that she promptly reported the incident, it was established at the hearing that she did not report it until five days after it allegedly occurred. In her initial statements to the investigator, she claimed that the incident took place in the patient's room, whereas her hearing testimony was that it took place in the main bathroom. She initially stated that it took place while the patient was lying in bed, but testified that he was standing when the incident occurred. Initially, she said the incident took place at approximately 4:00 P.M., but testified that it occurred shortly before 8 o'clock. Finally, in her statement she said that she had immediately protested to petitioner about the alleged mistreatment of the patient, but in her testimony she said that there was no conversation between her and petitioner regarding the incident. Contrary to the Commissioner's determination of credibility, there is no reasonable explanation for the witness's inability to remember the location of the incident and the position of the patient.

Therefore, we grant the petition to annul the determination of patient abuse and order the report expunged. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.