■ In the Matter of NICHOLAS W. SCATURICO, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Petition, pursuant to CPLR article 78, transferred to this court by order of the Supreme Court, New York County (William P. McCooe, J.), entered on or about September 27, 1988, seeking to annul a determination of respondent New York City Police Commissioner dated June 12, 1988 which dismissed petitioner from his position as a police officer, unanimously dismissed, and the determination confirmed, without costs.

In reviewing the record, we find that there was substantial evidence to support the Commissioner's determination that petitioner, while acting in concert with other police officers, wrongfully and without just cause entered a store, took possession of a quantity of food stamps without vouchering the same, and failed to notify his superiors of the theft of property committed in his presence by fellow police officers (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Petitioner's contention that evidentiary sources of questionable character must be corroborated by other reliable evidence is misplaced especially where, as here, the Hearing Officer has credited the testimony of the Department's sole eyewitness and its one informant (*see, Matter of Kelly v Murphy,* 20 NY2d 205). Moreover, it is for the administrative tribunal, not the courts, to weigh conflicting evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject (*Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979, 981). In any event, the testimony given by the Department's witnesses was corroborated by independent evidence in the form of a tape-recorded conversation which implicated petitioner as a participant in the store breakin and theft.

In view of the fact that petitioner was found guilty of

multiple charges and specifications which alleged conduct of a criminal nature, the sanction of dismissal was not so disproportionate as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Concur— Kupferman, J. P., Asch, Wallach, Smith and Rubin, JJ.