■ In the Matter of ARTHUR W. BERRY et al., Petitioners, v DAVID N. DINKINS, as Mayor of the City of New York, et al., Respondents.—Determinations of the respondent Police Commissioner dated October 28, 1983, finding petitioners guilty of certain charges and specifications and terminating their employment, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, Carol E. Huff, J., dated October 29, 1990) is dismissed, without costs.

Respondent charged petitioners with falsely arresting and assaulting one Joseph Arancibia on May 23, 1981. Although a Grand Jury declined to indict petitioners in October, 1981, disciplinary charges and specifications dated April 5, 1982 were served. A hearing on the charges was held on March 9 and 10, 1983, after which the Hearing Officer, crediting the veracity of respondent's main witness in certain key aspects, found both petitioners guilty as charged. Although neither petitioner had a prior disciplinary record, the Hearing Officer recommended dismissal in light of the seriousness of their misconduct, a recommendation that was adopted by respondent Commissioner in an order dated October 28, 1983.

Petitioners then commenced a Federal action, which was ultimately discontinued by a stipulation consenting to their commencement of the instant article 78 proceeding.

There is no merit to petitioners' claim that the two-year hiatus between the alleged incident and the commencement of the hearing deprived them of due process.

The hearing here was timely having been commenced within three years after the occurrence of the misconduct, the period for commencing a disciplinary proceeding set forth in Civil Service Law § 75 (4) prior to its amendment changing the period to 18 months, effective September 1, 1983, and applicable only to proceedings commenced after that date (L 1983, ch 774).

Respondent's determination was supported by substantial evidence. It was for the Hearing Officer to weigh conflicting evidence, assess credibility, and decide which testimony to accept or reject (*Matter of Scaturico v Ward,* 159 AD2d 221). Concur—Milonas, J. P., Ellerin, Kupferman and Asch, JJ.