■ In the Matter of KENT FONTAINE, Appellant, v DOMINICK R. SALAMACK, as Superintendent of Edgecombe Correctional Facility, et al., Respondents.—Judgment, Supreme Court, New York County (Harold Baer, Jr., J.), entered May 4, 1990, which, in a proceeding pursuant to CPLR article 78, denied petitioner's application to annul respondent's determination finding petitioner guilty of misbehavior and removing him from respondents' temporary release program (Correction Law art 26), unanimously affirmed, without costs.

There is no merit to petitioner's argument that the Hearing Officer refused to allow him to call witnesses on his own behalf, and thereby denied him procedural due process in the hearing conducted on the charges that he exceeded a time limit in returning to the facility and made a false or misleading statement. Although petitioner correctly argues that, contrary to the IAS Court's finding, he raised his right to call witnesses under 7 NYCRR 253.5 on the administrative appeal, we agree with the IAS Court that the hearing minutes show that at the hearing itself, petitioner made no clear requests to call any particular witnesses, and certainly did not object when the Hearing Officer supposedly "ignored" such requests. The Hearing Officer's determination, based as it is largely on petitioner's credibility, is to be accorded great weight (Matter of Kelly v Murphy, 20 NY2d 205, 209-210), and since respondent did not violate any statutory requirements or deny petitioner any constitutional right the petition was properly dismissed (see, Matter of Gonzalez v Wilson, 106 AD2d 386). Concur—Milonas, J. P., Wallach, Asch and Rubin, JJ.