STATE of Alaska, DEPARTMENT
OF REVENUE, Appellant,

v.

Mary MERRIOUNS, Albert Sanford and
Robert Merriouns, Appellees.

No. S–6129.

Supreme Court of Alaska.

May 5, 1995.

Marilyn May, Asst. Atty. Gen., Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellant.

Mary Merriouns, pro se, Chugiak.

Albert Sanford, pro se, Chugiak.

Robert Merriouns, pro se, Chugiak.

Before: MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

COMPTON, Justice.

This is an appeal from the superior court's reversal of an order entered by the Department of Revenue (DOR) denying Permanent Fund Dividends (PFDs) to three individuals.

I. *FACTUAL AND PROCEDURAL BACKGROUND*

Mary Merriouns, Robert Merriouns, and Albert Sanford (Merriounses) each filed an application for a PFD for 1992. They claim that Mary placed their applications in a mailbox at the Eagle River post office on June 29. The applications were received by DOR on July 8, in an envelope postmarked July 2. The deadline for filing an application was June 30.[1] Accordingly, DOR denied the applications. The Merriounses requested an informal conference. The informal conference decision affirmed the denials.

The Merriounses then filed a Request for Formal Hearing. The PFD Division (Division) moved for summary adjudication of the cases. The Merriounses were informed of the Division's motion, and informed that they needed to file a written opposition by December 30.

On December 22, the Merriounses filed a letter "object[ing] to [DOR's] denial" of their 1992 PFDs. The DOR hearing examiner did not consider this letter a response to the Division's motion for summary adjudication.

---

1. The Alaska Administrative Code (AAC) formerly provided:

> An individual may apply for a permanent fund dividend after March 31 but before July 1 of the dividend year on a form provided by the department. An application postmarked during that period is considered timely filed.

15 AAC 23.145(a) (repealed 1993).

This regulation, as well as the other regulations and statutes cited herein are those in effect for the 1992 PFD year.

The hearing examiner entered a written order in which she briefly discussed the facts as presented by the Division, and made reference to some of the Merriounses' assertions regarding the untimely receipt of the applications. She then granted the Division's motion for summary adjudication. Thus DOR did not schedule the Merriounses' case for formal hearing.

The Merriounses then filed an appeal in the superior court. Appellate Rule 601(a). For the first time in the course of the proceedings, they submitted affidavits of two persons who swore that they were with Mary on June 29 when she mailed the PFD applications. The Merriounses claim that the affidavits were not proffered earlier because Mary "simply did not think about the details concerning the mailing." DOR moved to strike the affidavits, since they were not part of the administrative record. Superior Court Judge Brian C. Shortell ordered the affidavits stricken from the record.

The appeal was heard by Superior Court Judge Karl S. Johnstone. In a Memorandum and Decision on Appeal, he concluded that DOR should have treated the Merriounses' letter of objection to the denial of their PFDs as a written opposition to the motion for summary adjudication, and that a formal hearing should have been granted. Judge Johnstone opined that "[b]ecause appellant's opposition to the Motion for Summary Adjudication was not acknowledged and because appellants were not given the opportunity to present sworn notarized affidavits as proof of timely filing, this Court, pursuant to Rule 609 of the Alaska Rules of Appellate Procedure, exercises its discretion to grant a trial de novo on the record." He concluded that the Merriounses had satisfied their burden of proof of timely filing by providing sworn affidavits, and reversed DOR's decision. [Id.] This appeal followed. We affirm in part, reverse in part, and remand.

## II. *DISCUSSION*

### A. *Standard of Review.*

■ This court independently reviews the merits of an administrative determination. "No deference is given to the superior court's decision when that court acts as an intermediate court of appeal." *Handley v. State, Dep't of Revenue,* 838 P.2d 1231, 1233 (Alaska 1992). However, when a superior court grants a trial *de novo,* this court's review is not of the administrative decision, but of the superior court's decision. *City of Nome v. Catholic Bishop of N. Alaska,* 707 P.2d 870, 875 (Alaska 1985); *see Kott v. City of Fairbanks,* 661 P.2d 177, 180 n. 1 (Alaska 1983). Therefore, the traditional "clearly erroneous" standard of review applies to the court's factual findings. *Nome,* 707 P.2d at 876. Legal determinations, whether arising from the superior court or an agency decision not involving agency expertise, are reviewed under a "substitution of judgment" standard. *Langdon v. Champion,* 745 P.2d 1371, 1372 n. 2 (Alaska 1987); *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.,* 746 P.2d 896, 903 (Alaska 1987).

### B. *The Superior Court Did Not Err in Concluding That The Merriounses' Letter Should Have Been Treated as a Written Opposition to the Division's Motion for Summary Adjudication.*[2]

■ The timing of the Merriounses' letter, and a fair reading of its contents, compel the conclusion that it was in response to the invitation contained in DOR's *Notice of Assignment* to file an opposition which disputed the Division's motion. Further, its timing and contents indicate that the Merriounses intended the letter to be their written opposition to the motion.

The letter alleged that the untimely filing probably was attributable to a "human error" on the part of the postal service. Attached to the letter were two letters. One was written by a postal customer adverting to a problem he had experienced with the Chugiak/Eagle River postal service. The other

---

**2.** It is appropriate that a court substitute its judgment for that of an agency to determine the sufficiency of a document as a legally sufficient response. This determination requires legal analysis which a court is at least as capable of performing as is an agency. *See Noden v. Commercial Fisheries Entry Comm'n,* 680 P.2d 493, 497 n. 7 (Alaska 1984).

was a letter from the Field Division office of the United States Postal Service. It stated that while mail dropped at the Eagle River Post Office is picked up two times a day (and presumably would be postmarked that day), mail dropped after hours should be post-marked the next day. The letter concluded that "[a]lthough there is no evidence of what actually happened we do admit that there is always room for human error." In the letter the Merriounses also offered to take a lie detector test, "as testimony to the fact [that the PFD applications] were sent on time."

The superior court did not err in determining that the Merriounses' letter was, and should have been treated as, an opposition to the Division's motion for summary adjudication.

C. *The Superior Court Did Not Err in Concluding That the Merriounses Might Be Entitled to Relief Under 15 AAC 23.135(c).*

The Alaska Administrative Code provided:

if the department does not have a timely filed application on file, in order to be eligible to receive a dividend, the applicant must submit, before July 1 of the year following the dividend year, a request to reapply and one of the following forms of evidence that an application was timely filed with the department:

(1) a mailing receipt;

(2) a delivery receipt; or

(3) *a notarized affidavit in which the applicant ... states, under penalty of unsworn falsification, that the application was timely filed and*

(A) *an individual states, under penalty of unsworn falsification, that the individual witnessed the filing....*

15 AAC 23.135(c) (repealed 1993) (emphasis added).

DOR argues this section is not applicable. It contends that this section was intended to apply to situations in which no application was ever received by DOR. It asserts that only when DOR lacks evidence that an application was filed does evidence submitted under 15 AAC 23.135(c) become relevant. Because DOR already had the Merriounses' postmarked applications, no substitute was needed.

■■■ Alternatively, DOR argues that if 15 AAC 23.135(c) is applicable, the Merriounses failed to submit to the agency during the course of the administrative proceedings the affidavits of the eyewitnesses,[3] or to submit requests to reapply required by the regulation. Therefore, 15 AAC 23.135(c) is inapplicable.

Finally, DOR argues that if the regulation is applicable, the proper procedure would be to remand the case to DOR for a re-determination under 15 AAC 23.135(c) as to whether the affidavits are more persuasive than the postmark.

---

**3.** Implicit in this argument is an assertion that DOR is under no obligation to inform PFD applicants what proof they must provide in response to a motion for summary adjudication.

DOR is correct in asserting that there is no affirmative requirement that DOR inform applicants of all relevant statutory or regulatory provisions. Specifically, DOR does not have an affirmative duty to assist the Merriounses in establishing their eligibility to a PFD. However, in the *Notice of Assignment* DOR sent to the Merriounses, DOR stated that the Merriounses "must provide proof of timely filing *such as a mailing receipt or a delivery receipt* " to overcome DOR's claim that they filed their application late. (Emphasis added).

DOR informed the Merriounses of two of the three available forms of evidence sufficient to establish a timely filing. The third alternative (sworn affidavits) was not mentioned. Failure to mention that there was in fact another alternative was misleading. If the third alternative had been mentioned, it is reasonable to believe that the Merriounses would have given more thought earlier to the details of their alleged mailing, and would have attempted to present the later proffered affidavits during the administrative proceedings. This was the superior court's implicit conclusion. Because the *Notice of Assignment* was misleading in this regard, the superior court did not err in implying in its findings that DOR should have alerted the Merriounses to the alternative of submitting affidavits as evidence of timely filing.

The affidavits are vital to the Merriounses' case. Presentation of affidavits from eyewitnesses to the mailing is one method by which a PFD applicant can establish that a PFD application has been timely filed, when DOR does not have a timely filed application on file.

" '[W]here an agency interprets its own regulation . . . a deferential standard of review properly recognizes that the agency is best able to discern its intent in promulgating the regulation at issue.' " *Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992) (quoting *Rose v. Commercial Fisheries Entry Comm'n*, 647 P.2d 154, 161 (Alaska 1982)) (alteration in original). " 'Although an administrative agency's interpretation of its own rules is entitled to great weight, the ultimate resolution of a regulation's meaning is a question for the courts.' " *Borkowski v. Snowden*, 665 P.2d 22, 27 (Alaska 1983) (quoting *United States v. RCA Alaska Communications, Inc.*, 597 P.2d 489, 498 (Alaska 1978) (footnotes omitted)). Therefore, while we will defer to DOR's interpretation, we will not affirm that interpretation if it is meritless.

We find no merit in DOR's interpretation of 15 AAC 23.135(c). The regulation provides the procedure to follow if DOR "does not have a timely filed application on file." Former 15 AAC 23.135(c). Another section provides in part that "[a]n application postmarked [after March 31 but before July 1 of the dividend year] is *considered* timely filed." Former 15 AAC 23.145(a) (emphasis added). The regulation does not lend itself to an interpretation that what it "considers" as proof of timely filing excludes other means of proof. It follows, therefore, that an application not postmarked during this time period is not "considered" timely filed, but may be found timely filed upon certain proof being accepted. Because DOR "does not have a timely filed application on file," the regulation is specifically applicable to the present case.

We do find merit in DOR's argument that the proper course for the superior court to have taken would have been to remand the case to the agency for factual determination.[4]

The superior court correctly determined that DOR mislead the Merriounses regarding what proof they had to provide to in response to the Division's motion for summary adjudication. They were not informed that affidavits were evidence of proof of timely filing, and arguably for that reason did not file affidavits with their letter. Had they attached the affidavits to their letter, their request for a formal hearing might not have been denied. Regardless, their letter constituted a written opposition to the motion, and a formal hearing should have been held to develop and resolve factual issues. It is the agency that is charged with primary responsibility for developing and resolving factual issues. Thus the superior court, after having correctly interpreted the regulation, should have remanded the Merriounses' claims to DOR for determination on the merits.[5]

---

4. Absent a showing of agency bias, the role of the primary factfinder belongs to the agency. *LeResche v. Lustig*, 663 P.2d 542, 545 (Alaska 1983) (noting the role of the agency in developing a factual record); *Earth Resources Co. of Alaska v. State, Dept. of Revenue*, 665 P.2d 960, 962 n. 1 (Alaska 1983) ("agency personnel and procedures are presumed to be honest and impartial until . . . a showing of actual bias or prejudgment" is made). Professor Davis notes that two of the reasons articulated by the Supreme Court for the exhaustion doctrine are that (1) agencies are created by the legislature to apply a statutory scheme to particular factual situations, and (2) judicial review may be hindered because the agency may not have had an adequate opportunity to assemble and analyze relevant facts. Kenneth C. Davis & Richard J. Pierce, Jr., *Administrative Law Treatise* § 15.2, at 309 (3d ed. 1994). Since the agency misinterpreted 15 AAC 23.135(c), the agency has had no opportunity to assess the affidavits and the credibility of the witnesses. When the factual record is incomplete or improperly developed, the proper course is a remand to the factfinder, in this case the agency. *See Capener v. Tanadgusix Corp.*, 884 P.2d 1060, 1064 (Alaska 1994) (remanding to the trial court for determination of factual issues).

5. DOR contends that the superior court erred when it granted a "trial de novo on the record" instead of deferring to the agency's decision. In view of our disposition, we need not determine whether or the extent to which the superior court has jurisdiction to order a trial *de novo* in a disputed PFD claim.

On remand, DOR "may consider the date indicated on the postmark on the envelope as evidence of the date of mailing, but such evidence does not create an irrebuttable presumption." *Silides v. Thomas*, 559 P.2d 80, 82 n. 3 (Alaska 1977). The Merriounses have the burden "of proving that the nonexistence of the presumed fact is more probable than its existence." *Martens v. Metzgar*, 524 P.2d 666, 677 (Alaska 1974).

**628**

## III. *CONCLUSION*

We AFFIRM the superior court's conclusion that the Merriounses' letter should have been considered a written opposition to the Division's motion for summary adjudication, its implicit conclusion that the Merriounses were entitled to have been informed that they could submit affidavits in opposition to the motion, its conclusion that they were entitled to a formal hearing, and its conclusion that 15 AAC 23.135(c) applies to a PFD application mailed before July 1.

We REVERSE the grant of a trial *de novo* and judgment entered thereon, and direct the superior court to REMAND the case to DOR for proceedings consistent with this opinion.