■ In the Matter of ALEGRE DELI, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [749 NYS2d 67] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Liquor Authority, dated November 28, 2001, which rejected the findings of an Administrative Law Judge, made after a hearing, determined that the petitioner violated Alcoholic Beverage Control Law § 65 (1), and imposed a monetary penalty.

Adjudged that the petition is granted, on the law, with costs, the determination that the petitioner violated Alcoholic Beverage Control Law § 65 (1) is annulled, the monetary penalty imposed is vacated, and the finding of the Administrative Law Judge dated March 19, 2001, is confirmed.

The petitioner operates a deli which sells beer for off-site consumption. The petitioner was issued a summons for a violation of Alcoholic Beverage Control Law § 65 (1) for allegedly selling beer to a person under the age of 21 years on September 14, 2000. At an administrative hearing, the New York State Liquor Authority (hereinafter the Authority) presented only one witness, a plainclothes police officer who testified he observed an underaged person purchase a six-pack of beer without being asked for verification of age. The officer testified that the underaged person was a "police explorer" and that before the sale he had seen the youth's New York State driver's

license which verified that he was underage. The sales clerk who sold the beer was never located. At the hearing, the officer did not produce the beer, any scientific analysis of the beer, any police reports in his own hand, any documentary proof of the police explorer's age, any affidavit executed by the police explorer, or the police explorer himself. The Administrative Law Judge dismissed the charge, determining that the Authority did not present substantial evidence of the petitioner's guilt in light of its failure to present any corroborative evidence of the officer's testimony and the petitioner's testimony which controverted the officer's testimony. The Authority rejected the determination of the Administrative Law Judge, determining that the officer's testimony standing alone was sufficient to establish substantial evidence of guilt.

It is well settled that upon judicial review of a determination rendered by an administrative body following a hearing, the issue presented for this Court's determination is whether it is supported by substantial evidence (*cf. Matter of Lahey v Kelly,* 71 NY2d 135, 140). Further, a decision by an administrative hearing officer to credit the testimony of a given witness is given great weight because the hearing officer had the opportunity to observe the demeanor of the witness (*see Matter of Kelly v Murphy,* 20 NY2d 205, 209-210; *cf. Matter of Berenhaus v Ward,* 70 NY2d 436, 443). Under the circumstances presented here, including the total lack of corroborative evidence, the Authority's determination is not supported by substantial evidence (*see Matter of Ridge, Inc. v New York State Liq. Auth.,* 257 AD2d 625, 626-627; *Matter of K & Z Place v Casale,* 248 AD2d 539). Therefore, the Authority erred in rejecting the opinion and determination of the Administrative Law Judge, its determination should be annulled, and the determination of the Administrative Law Judge should be confirmed (*see Matter of Kelly v Murphy, supra*). Smith, J.P., McGinity, Luciano and Crane, JJ., concur.