O'Dell MARSHALL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21226.

United States Court of Appeals
Ninth Circuit.

April 9, 1969.

Barry Tarlow (argued), Beverly Hills, Cal., for appellant.

Ronald Morrow (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and THOMPSON,* District Judge.

ELY, Circuit Judge:

This appeal follows appellant Marshall's conviction, on three counts, of having violated certain statutes pertaining to the sale of marihuana. The first two counts charged Marshall with knowingly receiving, concealing, transporting, and

---

* Honorable Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

selling contraband as prohibited by 21 U.S.C. § 176a.[1] The third count charged him with failure to have obtained a written order form issued by the Secretary of the Treasury as required by 26 U.S.C. § 4742(a).[2] Marshall was sentenced to a seven year term of confinement on each count, with the three sentences to run concurrently.

Marshall bases his appeal on two specific grounds. First, he insists that the District Court erred in permitting a testifying Government agent to relate conversations between Marshall and a Government informant, one Humphrey, which the agent overheard by means of an electronic transmitter hidden on the person of the informant. Secondly, the appellant challenges the constitutionality of his conviction under the federal marihuana statutes, claiming it violative of his privilege against self-incrimination.

## ADMISSIBILITY OF THE AGENT'S TESTIMONY

██ On December 2, 1965, Government agent Casey met with the informant Humphrey and gave him a small radio transmitter and $250. Agent Casey then followed Humphrey to an apartment building and waited outside with his radio receiver. Humphrey, equipped with the transmitter, entered a room where he was introduced to Marshall and a person named Penny Mancini. The informant said that he wished to purchase marihuana but Marshall advised him that there was none immediately avail-able and that certain phone calls would have to be made. After making several calls, Marshall told Humphrey that he was leaving the apartment and advised Humphrey to do the same for a short period of time. Humphrey followed the appellant's instructions and, after leaving the apartment, met with agent Casey. After a short meeting, the informant again went to the apartment with the hidden transmitter. Casey followed him. At the apartment, the informant was met by Penny and Marshall, who himself had just returned. Humphrey was told that Marshall was again leaving but that this time he should wait at the apartment with Penny until Marshall called. Approximately one hour later, Penny received a phone call and gave Humphrey a note bearing the address of another building in the neighborhood. The informant proceeded to this address, where he met Marshall and exchanged $230 for two kilograms of marihuana. Marshall's arrest, trial, and conviction followed.

At the trial, both the informant and agent Casey testified about the conversations between Humphrey, Penny, and the appellant. The testimony was received without objection, but now, Marshall strenuously urges that agent Casey's testimony should have been excluded as the product of an unlawful search and seizure. United States v. White, 405 F.2d 838 (7th Cir. in banc 1969). *But see* United States v. Kaufer, 406 F.2d 550 (2d Cir. Jan. 14, 1969). *See also* Katz v. United States, 389 U.S. 347, 88 S.Ct. 507,

---

1. 21 U.S.C. § 176a provides:

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *"

2. 26 U.S.C. § 4742(a) provides:

" * * * It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

19 L.Ed.2d 576 (1967); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

██ It is elementary that if objections are not made at the time evidence is offered, the admissibility of the evidence cannot be questioned on appeal. *See, e. g.*, Hansberry v. United States, 295 F.2d 800 (9th Cir. 1961). Under Rule 52(b) of the Federal Rules of Criminal Procedure, we are empowered, in the exercise of sound discretion, to take notice of "plain errors," even if committed without objection. Gilbert v. United States, 307 F.2d 322 (9th Cir.), *cert. denied,* 372 U.S. 969, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1962). We generally believe, however, that we should invoke Rule 52(b) in the very exceptional situation only, situations wherein it appears to be necessary in order to prevent miscarriage of justice or to preserve the integrity and reputation of the judicial process. *See* Hansberry v. United States, *supra;* Smith v. United States, 173 F.2d 181, 184 (9th Cir. 1949).

"In reviewing criminal cases, it is particularly important for appellate courts to re-live the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure. To turn a criminal appeal into a quest for error no more promotes the ends of justice than to acquiesce in low standards of criminal prosecution."

Johnson v. United States, 318 U.S. 189, 202, 63 S.Ct. 549, 87 L.Ed. 704 (1943) (Frankfurter, J., concurring).

██ From our review of the record before us, we cannot see the slightest indication that Marshall has been the victim of miscarried justice. Furthermore, it is possible that defense counsel deliberately chose not to object to the testimony in question. This is suggested by the fact that counsel, quite adroitly, sought to work Casey's testimony to the advantage of his client. After permitting the agent to testify without objection, counsel questioned Penny Mancini about a conversation she had with Casey at the time of her arrest. Penny testified to the effect that Casey had told her that he had heard very little of the conversations between Humphrey, Penny, and Marshall because of other noise in the apartment. Apparently Marshall's counsel hoped to create an inference that Humphrey and Casey concocted a story after Penny's arrest and thereby discredit *both* of the Government's witnesses. It is equally apparent that only by risking the adverse effect of agent Casey's testimony could counsel take the approach which he did in attempting to discredit the Government's chief witness, the informant. Hence, we think it not unreasonable to assume that the failure to object to Casey's testimony was the deliberate choice of Marshall's attorney. While Rule 52(b) may be invoked when the court believes that a party should not be unalterably and unfairly prejudiced by inadvertent or ignorant mistakes of his counsel, it is not invoked where, as here, the failure to object may have been deliberate and in furtherance of legitimate trial tactics. In such a case, the concern for orderly administration of justice is paramount and should control except when the integrity of the judicial process itself would otherwise suffer. *See* Ladakis v. United States, 283 F.2d 141 (10th Cir. 1960).

## FIFTH AMENDMENT CLAIM

██ Appellant's second contention is that the federal marihuana statutes constitute a complex scheme which requires an individual to incriminate himself or face criminal prosecution. Marshall directs our attention to three specific sections: (1) a tax on every person dealing in marihuana, 26 U.S.C. § 4751; (2) special registration with the Internal Revenue Service for those subject to the marihuana dealer's tax, 26 U.S.C. § 4753; and (3) a tax on all transfers of marihuana requiring a written order form issued by the Secretary of the Treasury, 26 U.S.C. § 4741.

Appellant insists that he cannot be convicted for failing to comply with this scheme under the recent cases of Mar-

chetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). In these cases, the Supreme Court held that criminal prosecutions for violating certain statutes were subject to a defense based on the asserted privilege against self-incrimination: (1) an occupational tax on gamblers (*Marchetti*); (2) registration as one engaged in the business of gambling (*Marchetti*); (3) an excise tax on wagering (*Grosso*); and (4) possession of an unregistered firearm (*Haynes*). The Court reasoned that because the conduct constituting violation of the statutes there in question was the failure to supply information which could be legitimately withheld under the Fifth Amendment, the prosecutions infringed upon fifth amendment rights.

The tax and registration provisions of the marihuana statutes in Title twenty-six of United States Code to which Marshall calls our attention are undeniably open to question following *Grosso, Haynes, and Marchetti*. *See* Grosso v. United States, 390 U.S. at 77–84, 88 S.Ct. 709 (remarks of the Chief Justice dissenting). However, to base a defense upon the rationale of the *"Marchetti* Trilogy," the accused must first establish that his conviction resulted solely from a refusal to provide incriminating information. Marshall ignores this basic point. Under count two of his indictment, the appellant was convicted for *selling* marihuana in violation of 21 U.S.C. § 176a and not for refusing to pay the special taxes or to register according to the revenue sections of Title twenty-six. His conviction for selling illegally imported marihuana simply cannot be construed as a prosecution for failing to supply information. *See* Murray v. United States, 403 F.2d 694 (9th Cir. 1968). Therefore, since Marshall was properly convicted for the illegal sale of marihuana, and since the sentences on the remaining counts are identical in length and run concurrently with the valid sentence, we need not con-

sider his attack upon his conviction for having failed to obtain the order form required by 26 U.S.C. § 4742(a). Pasterchik v. United States, 400 F.2d 696 (9th Cir. 1968). *See also* Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692 (1929).

Affirmed.