PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Manuel Jose ALVAREZ, Defendant-Appellant.

No. 84–1164.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1984.

Decided April 2, 1985.

John A. Moore, Moore, Lawlor & Hall, Agana, Guam, for plaintiff-appellee.

Howard G. Trapp, Trapp & Untalan, Agana, Guam, for defendant-appellant.

Before CHOY, Senior Circuit Judge, CANBY and NORRIS, Circuit Judges.

PER CURIAM:

Appellant, Manuel Jose Alvarez, was convicted in the Superior Court of Guam of murder and aggravated assault. At trial, defense counsel asked a psychologist to testify as to whether Alvarez's actions were "a result of a mental illness, disease or defect in that he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was *wrongful,* or to control his actions?" (emphasis added) This reflects the proper test of insanity under Guam law. *See* 9 Guam Code Annotated § 7.16. The psychologist answered in the affirmative.

Another witness, a psychiatrist, testified that Alvarez "was not suffering from a mental illness, disease or defect which would have caused him to lack a substantial capacity to know or understand what he was doing, or would have caused him to lack a substantial capacity to appreciate the *wrongfulness* of his conduct, or have caused him to lack a substantial capacity to conform and control his conduct to the standards of the law." (emphasis added)

Nevertheless, at the end of the testimony, defense counsel requested that the jury be instructed that "a person is legally insane if, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the *criminality* of his conduct or to conform his conduct to the requirements of law." (emphasis added) The judge accepted the request and gave the instruction verbatim.

Alvarez was convicted and sentenced to life imprisonment without parole, probation or work release. Alvarez appealed to the Appellate Division of the District Court of Guam claiming that the instruction on the insanity defense constituted plain error requiring reversal of his conviction. The Appellate Division affirmed and Alvarez now appeals to this court.

8 Guam Code Annotated § 90.19(c) states that "no party may assign as error any portion of an instruction ... unless he objects thereto stating distinctly the matter to which he objects and the grounds of his objection." 8 Guam Code Annotated § 130.50(b) reads: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

This circuit has declared that "[t]he standard of 'plain error' ... goes only to the issue of reviewability and not to the issue of whether a reversal is warranted. Thus, an error unobjected to at trial may be so plain as to warrant review ... yet the error may be harmless and, therefore, not justify a reversal." *United States v. Wilson,* 690 F.2d 1267, 1274 (9th Cir.1982), *cert. denied,* —— U.S. ——, 104 S.Ct. 205, 78 L.Ed.2d 178

(1983); *see also United States v. Lopez,* 575 F.2d 681, 685 (9th Cir.1978).

██ This case is further complicated because not only did Alvarez fail to object, but he specifically requested the insanity instruction he now argues is erroneous. It is generally accepted that errors that are invited are less worthy of consideration than those where the defendant merely fails to object. *See United States v. Alexander,* 695 F.2d 398, 402 (9th Cir.1982), *cert. denied,* 462 U.S. 1108, 103 S.Ct. 2458, 77 L.Ed.2d 1337 (1983); *Kaneshiro v. United States,* 445 F.2d 1266, 1270 (9th Cir.), *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971); *Oliver v. United States,* 396 F.2d 434, 435 (9th Cir.1968).

Here, defense counsel was fully aware of the correct insanity instruction but deliberately chose to give a different instruction for tactical reasons. This court has declared:

While Rule 52(b) [the federal counterpart to Guam's § 130.50(b) ] may be invoked when the court believes that a party should not be unalterably and unfairly prejudiced by inadvertent or ignorant mistakes of his counsel, it is not invoked where ... the failure to object may have been deliberate and in furtherance of legitimate trial tactics. In such a case, the concern for orderly administration of justice is paramount and should control except when the integrity of the judicial process itself would otherwise suffer.

*Marshall v. United States,* 409 F.2d 925, 927 (9th Cir.1969). *See also United States v. Sanchez-Rodriguez,* 475 F.2d 61, 64 (9th Cir.1973).

██ The instruction given to the jury stated the test as one of capacity to appreciate "criminality" rather than capacity to know or understand that conduct was "wrongful," the operative word in Guam's insanity statute. Because this court has held that "wrongfulness" means moral wrongfulness not criminal wrongfulness, *United States v. McGraw,* 515 F.2d 758, 759 (9th Cir.1975); *Wade v. United States,* 426 F.2d 64, 71–72 (9th Cir.1970), the instruction given was indisputably erroneous

and constitutes "plain error." Therefore, we review the error.

Normally, we will reverse a conviction on account of a nonconstitutional error if it is more probable than not that the error affected the verdict. *United States v. Rohrer*, 708 F.2d 429, 432 (9th Cir.1983). As discussed above, however, because the error in this case was invited, we will reverse in only the most "exceptional situation." *Marshall*, 409 F.2d at 927.

This circuit has held that where the distinction between criminal and moral wrongfulness has been critical and the jury has been exposed to confusing testimony on the proper meaning of "wrongfulness," it is reversible error for the trial court not to instruct the jury that "wrongfulness" refers to moral and not criminal wrongfulness. *United States v. Fresonke*, 549 F.2d 1253, 1256 (9th Cir.1977); *United States v. Sullivan*, 544 F.2d 1052, 1056 (9th Cir. 1976).

On the one hand, the error in the case at bar is on its face more serious than that in *Fresonke* or *Sullivan* because in the latter cases, the word "wrongful" was simply not clarified by the trial judge, whereas here the trial judge specifically instructed the wrong meaning by substituting the word "criminality."

On the other hand, it is doubtful that the jury even considered the distinction between "wrongfulness" and "criminality." Thus, the jury's implicit finding that Alvarez possessed the ability to appreciate his conduct's criminality probably indicates that the jury also believed he had the capacity to know or understand that his behavior was wrongful. This is especially likely in this case because, unlike in *Fresonke* and *Sullivan*, no attempt was made at trial by either counsel to make a distinction between Alvarez's ability to appreciate the criminality of his actions and his ability to understand the moral wrongfulness of them. At no time did defense counsel argue or testimony suggest that although Alvarez may have known his actions were prohibited by law, he believed they were morally justified.

In fact, this circuit has indicated that the clarifying instruction required in *Fresonke* and *Sullivan* need only be given "if the record contains evidentiary support for the defendant's theory that, although he realized the offending act was illegal, because of mental disease he possessed a false belief that the act was morally justified." *United States v. Segna*, 555 F.2d 226, 233 (9th Cir.1977). This indicates that this court tolerates ambiguity in the meaning of "wrongful" where the record suggests that it does not matter which meaning the jury ascribes to it. Similarly, because the jury in this case was not exposed to any evidence suggesting that although Alvarez knew his conduct was unlawful, he believed it was morally justified, the error was more likely than not harmless.

We conclude that this case does not present the "exceptional situation" where reversal is necessary to preserve the "integrity of the judicial process" or to prevent a "miscarriage of justice." *Marshall*, 409 F.2d at 927. Consequently, we will not reverse on the basis of such an invited error.

AFFIRMED.