24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Anthony D. RIDLON, Defendant-Appellant.
 No. 93-10247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided April 20, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and WILSON,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Anthony D. Ridlon appeals the decision of the Appellate Division of the District Court of Guam affirming his jury conviction for second degree aggravated assault (9 Guam Code Ann. Sec. 19.20(a)(1)), third degree aggravated assault (9 Guam Code Ann. Sec. 19.20(a)(3)), use of a deadly weapon in the commission of a felony (9 Guam Code Ann. Sec. 80.37), reckless driving causing bodily injury (16 Guam Code Ann. Sec. 9107(b)), and leaving the scene of an accident (16 Guam Code Ann. Sec. 3501(a)). We affirm.
 
 BACKGROUND
 
 4
 A Territorial grand jury returned a seven-count indictment against appellant Ridlon arising from a string of auto accidents caused by Ridlon within the space of an hour on the evening of June 22, 1989. Ridlon, who was represented by counsel, entered into a plea agreement. The court accepted the plea and sentenced Ridlon to concurrent terms of three years confinement for aggravated assault, one year confinement for reckless driving and sixty days confinement for leaving the scene of an accident.
 
 
 5
 Ridlon then retained new counsel and filed a motion to withdraw his plea of guilty. He claimed that the plea was not voluntary. The court ordered Ridlon's guilty plea withdrawn because at the time of the plea the court had failed to inquire into whether Ridlon understood the charges against him. The matter proceeded to trial and Ridlon was convicted of all remaining charges, whereupon he received a sentence of 8 years imprisonment. Ridlon appealed to the appellate division of the district court. The appellate division affirmed his convictions. This appeal ensued.
 
 DISCUSSION
 A. Ineffective Assistance of Counsel
 
 6
 Ridlon now claims that his second attorney was incompetent. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel ... is by collateral attack on the conviction ... and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (internal quotation omitted), cert. denied, 498 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). Use of a habeas corpus proceeding is preferable because "it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." Id. (internal quotation omitted). Ineffective assistance of counsel claims may be considered on direct appeal, however, where "the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel," (id. (internal quotations omitted)), or "the [trial] record [itself] is sufficiently complete to allow [this court] to decide the issue." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991).
 
 
 7
 The record reveals no basis for considering Ridlon's ineffective assistance claim on direct review, since there is insufficient evidence concerning the competency of Ridlon's counsel at the time of withdrawal from the plea bargain or at trial to afford meaningful review at this juncture. In order to analyze his claims we would have to rely on pure supposition to determine what advice was given concerning withdrawal of the plea bargain and the specifics of trial strategy, rather than on a "sufficiently complete" record on appeal. Swanson, 943 F.2d at 1072 (internal citations and quotations omitted). This we decline to do.
 
 B. The Reasonable Doubt Instruction
 
 8
 The reasonable doubt instruction Ridlon asks us to review was proposed by Ridlon himself at trial. Under the invited error doctrine, instructions are generally unreviewable when the defendant himself requests them. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991); United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.) (invited error doctrine prevents review where defendant affirmatively acquiesces in the proposed instruction of another party), cert. denied, --- U.S. ----, 113 S.Ct. 2948, 124 L.Ed.2d 696 (1993).
 
 
 9
 We recognize that in a "most exceptional situation" we can nonetheless review invited error issues in order to prevent miscarriages of justice. United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). In that limited circumstance our review is even more stringent than normal plain error review. Guam v. Alvarez, 763 F.2d 1036, 1037 (9th Cir.1985). We can discern no miscarriage here for it is highly unlikely that an instruction in use in California since 1927 and used by Guam for many years has been resulting in thousands upon thousands of miscarriages of justice, all unnoticed, unchecked and approved of by the state and federal courts. See Guam v. Yang, 850 F.2d 507, 513 (9th Cir.1989) (en banc) (Guam reasonable doubt instruction is satisfactory; substitute instruction is not); Guam v. Ibanez, 880 F.2d 108, 112 (9th Cir.1989) (same), cert. denied, 496 U.S. 930, 110 S.Ct. 2631, 110 L.Ed.2d 651 (1990); People v. Jennings, 53 Cal.3d 334, 385-86 (the California standard pattern jury instruction on reasonable doubt, which is identical to that in the Guam Code and the one given here, is constitutional), cert. denied, --- U.S. ----, 112 S.Ct. 443, 116 L.Ed.2d 462 (1991).
 
 C. Sufficiency of the Evidence
 
 10
 There was ample evidence to support the jury's finding that Ridlon knew that the car he was driving was "capable of producing death or serious bodily injury" at the time he committed the crimes with which he was charged. The evidence adduced at trial supported a finding that Ridlon was aware of his surroundings and the injury-producing capabilities of his car at the time he was driving. Ridlon drove at a high speed, wove in and out of traffic to elude two separate hit and run victims whose cars he had successively damaged, and tailgated and yelled racial epithets at another driver who was driving too slowly for Ridlon's taste. Other actions and statements at the scene and at the hospital indicated that he knew what he was doing and was scheming to avoid the consequences of his actions. The jury could reasonably have found that Ridlon was alert enough to be fully aware of the fact that he could cause serious bodily injury at the time he committed the crimes with which he was charged.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3