122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philbert J. ANTONE, Defendant-Appellant.
 No. 96-10077.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1997.**
Decided Sept. 2, 1997.
 
 Appeal from the United States District Court for the District of Arizona Stephen M. McNamee, District Judge, Presiding.
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Philbert James Antone appeals his conviction, following a jury trial, of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and making false statements during the acquisition of a firearm, 18 U.S.C. § 922(a)(6). The fact that Antone had a prior felony conviction was an essential element of the charge under § 922(g)(1). However, Antone claims the district court erred in allowing the jury repeatedly to hear references to the nature of his prior felony conviction.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 3
 An error not brought to the trial court's attention by a timely objection is reviewed on appeal for plain error. See United States v. Jackson, 84 F.3d 1154, 1158 (9th Cir.), cert. denied, 117 S.Ct. 445 (1996); Fed.R.Crim.P. § 2(b). However, when the defendant not only fails to object to an error, but specifically approves or himself proposes it, the error is treated as waived. See United States v. Perez, 116 F.3d 840, 844-45 (9th Cir.1997) (en banc). Under the doctrine of invited error, it is not reviewable absent "exceptional situation[s] where reversal is necessary to preserve the integrity of the judicial process or prevent a miscarriage of justice." Guam v. Alvarez, 763 F.2d 1036, 1038 (9th Cir.1985) (per curiam) (internal quotations omitted).
 
 
 4
 Here, Antone specifically approved of the jury learning the nature of his prior conviction. He stipulated to the fact and nature of his prior conviction and agreed that it would be proper for the government to read the stipulation into evidence.[2] See United States v. Breitkreutz, 8 F.3d 688, 690-91 (9th Cir.1993) (stating that a stipulation is not proof, so prosecution still is entitled to admit evidence of every element of the charge, here, proof of a prior felony conviction). Furthermore, Antone's attorney himself referred to the nature of Antone's prior conviction in closing argument by stating that attempted theft was merely a "low-level felony" and therefore the jury should not conclude that Antone was in any way predisposed to commit crimes.
 
 
 5
 Antone does not suggest that he was unaware the prosecution could only bring in evidence of the fact of his prior conviction and that he need not have stipulated to the nature of his prior conviction. This evidences ' "intentional relinquishment or abandonment of a known right" ', Perez, 116 F.3d at 845 (quoting United States v. Olano, 507 U.S. 725 (1993)), and therefore is not reviewable under the doctrine of invited error. Perez, 116 F.3d at 845.[3]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Antone claims fifteen (15) such references were made during trial. However, the record shows that only four references were made: two by the prosecutor who quoted the stipulation, one by Antone's attorney in closing argument, and one by the trial judge during instructions to the jury
 
 
 [2]
 The stipulation states in pertinent part: "[O]n October 29th, 1993, the defendant, Philbert James Antone, by entry of judgment and conviction following a plea, was convicted of Attempted Theft, a felony offense, punishable by a term of imprisonment exceeding one year ....."
 
 
 [3]
 Antone has failed to present an "exceptional situation where reversal is necessary to preserve the integrity of the judicial process or prevent a miscarriage of justice." See Alvarez, 763 F.2d at 1038 (internal quotations omitted). The prosecution referred to the nature of the prior felony only by reading directly from the stipulation. And the trial judge admonished the jury not: to draw improper inferences from the nature or fact of Antone's prior conviction. Furthermore, it seems Antone's counsel strategically decided to bring into evidence the nature of the prior crime so the jury would not speculate as to whether Antone's prior felony was for a much more serious and violent crime. Likewise, reading the stipulation into evidence may have benefitted Antone because it mentions that he had pled guilty to the prior charge, perhaps suggesting to the jury that his not guilty plea in this case is genuine. Cf. United States v. Williams, 939 F.2d 721, 723 (9th Cir.1991) (holding that defendant cannot claim constitutional violation based on his attorney's tactical decision to preemptively introduce evidence of prior felonies before prosecutor introduced them)