In the Matter of the ESTATE OF
Anthony M. EVANCO,
Deceased.

Joseph Lyle EVANCOE, By and Through
his guardian, Joseph C. EVANCOE,
Appellant,

v.

Eugene Julius EVANCOE, personal representative of the estate of Anthony
M. Evanco, Appellee.

No. S–7285.

Supreme Court of Alaska.

March 6, 1998.

Joseph Charles Evancoe, pro se, Pittsburgh, PA.

Kevin M. Morford, Jensen, Harris & Roth, Anchorage, for Appellee.

Before COMPTON, C.J., and
MATTHEWS, EASTAUGH, FABE and
BRYNER, JJ.

*OPINION*

MATTHEWS, Justice.

Alaska Statute 13.31.070 validated provisions transferring at death property contained in certain instruments which do not qualify as wills. The question here is whether joint tenancy designations on stock certificates are covered by AS 13.31.070. We an-

swer in the affirmative, because the literal requirements of the statute are met, and the result is consistent with state policy as reflected in a subsequent amendment to the statute, which clearly includes stock certificates.

## I. FACTS AND PROCEEDINGS

Anthony M. Evanco (decedent) died on March 13, 1992. His will directed that his sizable estate be divided equally among his surviving brothers and sisters. The will also nominated the decedent's brother, Eugene J. Evancoe (personal representative), as the personal representative of the estate.

At the time of his death, the decedent owned and was in possession of a substantial number of stock certificates and some certificates of deposit. On their face, these certificates named both the decedent and another person as owners, designating them as "joint tenants," "joint tenants with rights of survivorship," or with other similar designations. The superior court found that the decedent intended to retain control and ownership of the stock certificates and the certificates of deposit during his lifetime, but to have ownership pass to the named joint tenants automatically and outside of probate upon his death. Neither party contests this finding on this appeal.

Shortly after assuming his duties, the personal representative delivered each of the stock certificates and certificates of deposit to the persons designated "joint tenants" on the certificates.

Joseph Charles Evancoe (guardian) is the legal guardian of his father, Joseph Lyle

Evancoe, who is one of the decedent's brothers and a beneficiary under the will. The guardian filed a petition in the superior court on behalf of his father seeking to have Eugene Evancoe removed as personal representative. In support of his petition, the guardian alleged that the personal representative's distribution of the joint tenancy stocks and certificates of deposit directly to the named joint tenants (i.e., outside of probate) was improper. The guardian also alleged that the personal representative had committed fraud and various other improprieties.

The superior court concluded that the personal representative's "distribution of the joint tenancy stocks directly to the named joint tenants was consistent with the provisions of AS 13.31.070 and was valid under Alaska law." It further concluded that "Eugene J. Evancoe should not be removed as the personal representative of the estate of Anthony M. Evanco, and the removal petition should be dismissed with prejudice."

The guardian appeals this decision.

## II. DISCUSSION

The question that we must decide on this appeal is whether the superior court was correct in its conclusion that

> Eugene J. Evancoe's distribution of the joint tenancy stocks directly to the named joint tenants was consistent with the provisions of AS 13.31.070 and was valid under Alaska law.[1]

■ Generally, a decedent's directions concerning disposition of his property are invalid unless they are contained in a will.[2]

---

1. The guardian also contends that the superior court erred in concluding that the certificates of deposit could be distributed to the named joint tenants. However, at the time of Anthony's death, AS 13.31.020(a) (current version at AS 13.33.212(a)) provided in relevant part that "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." A bank certificate of deposit designating a joint tenant is a "joint account." See AS 13.31.005(1) (current version at AS 13.33.201(1)); AS 13.31.005(4) (repealed, § 18 ch. 75 SLA 1996). In addition, AS 13.31.030 (current version at AS 13.33.214) provided that

"[a]ny transfers resulting from the application of AS 13.31.020 ... are not to be considered as testamentary." Therefore, we reject this contention.

Although the guardian also listed several other issues in his statement of issues, he waived them by failing to discuss them in the argument section of the brief. Adamson v. University of Alaska, 819 P.2d 886, 889 n. 3 (Alaska 1991) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal.").

2. Under common law the attempted transfer in this case of stock certificates would be invalid. The parties agree that the joint tenancy designations did not operate as a valid inter vivos trans-

However, at the time of Anthony Evanco's death, Alaska had adopted a "validating statute," which declares certain will substitutes to be nontestamentary and thereby not subject to the formal requirements of a will. AS 13.31.070 (current version at AS 13.33.101). This statute provided in pertinent part:

(a) Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, deposit agreement, pension plan, trust agreement, conveyance or any other written instrument effective as a contract, gift, conveyance, or trust is considered to be nontestamentary, and AS 13.06—AS 13.36 does not invalidate the instrument or any provision that

(1) money or other benefits theretofore due to, controlled or owned by a decedent shall be paid after the decedent's death to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently;
.... [or]

(3) any property which is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.[3]

Initially, we must decide whether AS 13.31.070 applies to this case. The guardian argues that the statute should not apply because: (1) "[The statute] does not currently validate POD [payable on death] stocks and mutual fund shares"; and (2) the residual clause in the statute should not be interpreted to encompass stocks, because stock certificates were "widely used" at the time of the statute's drafting, and the residual clause is "logically viewed as a protective device aimed at those incipient instruments that the enumerated portion fails to cite."

■■■ We find the guardian's argument unpersuasive. A share of corporate stock evidenced by a stock certificate can fairly be regarded as a "written instrument effective as a contract."[4] See AS 13.31.070(a). Further, we can think of no policy reasons for excluding stock certificates from that category. Additionally, effective January 1, 1997, AS 13.31.070 was superseded by a substantially similar provision, AS 13.33.101, which clearly encompasses stock certificates.[5]

---

fer or irrevocable assignment, because the decedent intended to retain control and ownership of the stock certificates during his lifetime, and because there was no delivery. *See Neuschafer v. McHale*, 76 Or.App. 360, 709 P.2d 734, 738–39 (1985) (holding that where the court determined that the decedent's intention was to "avoid probate," placing shares of stock in joint tenancy with rights of survivorship was not a valid inter vivos gift, and was testamentary and void); *see also* Uniform Probate Code § 6–201, Official Comment (1983) (stating that provisions in a promissory note to pay to another named person if the payee dies are invalidated by most states for noncompliance with the statute of wills). Consequently, the purported transfer would be treated as testamentary. Because the purported transfer does not comply with the formalities in the statute of wills, it would be invalid, and the stocks would pass according to the provisions of the will. *See* AS 13.11.155 (current version at AS 13.12.502) *(requiring, among other things, signatures of two people who witnessed the testator sign or acknowledge the signature on the will)*.

3. We will refer to this statute as the "validating statute."

4. We have previously noted that "[t]he relationship between a corporation and its shareholders

is primarily contractual." *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1325 (Alaska 1997).

5. AS 13.33.101 provides:

(a) A provision for a nonprobate transfer on death in an insurance policy, contract of employment, bond, mortgage, promissory note, *certificated or uncertificated security*, account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, individual retirement plan, employee benefit plan, trust, conveyance, deed of gift, marital property agreement, or other written instrument of a similar nature is nontestamentary. This subsection includes a written provision that

(1) money or other benefits due to, controlled by, or owned by a decedent before death must be paid after the decedent's death to a person whom the decedent designates either in the instrument or in a separate writing, including a will, executed either before or at the same time as the instrument, or later;
.... [or]

(3) property controlled by or owned by the decedent before death that is the subject of the instrument passes to a person the decedent designates either in the instrument or in a separate writing, including a will, executed either before or at the same time as the instrument, or later.

When an ambiguous statute that we have not construed and an unambiguous successor statute can reasonably be interpreted in a consistent manner, the policy embodied in the successor statute is a factor that is appropriately considered in interpreting the old statute.[6] For these reasons, we conclude that AS 13.31.070 applies to stock certificates.

The remaining elements of the validating statute are also satisfied. First, the joint tenancy designations on the stock certificates are "provision[s] that ... property which is the subject of the instrument shall pass to a person designated by the decedent...." *See* AS 13.31.070(a)(3). "The primary incident of joint tenancy is survivorship, by which the entire tenancy on the decease of any joint tenant remains to the survivors, and at length to the last survivor." *Black's Law Dictionary* 1465 (6th ed.1990).

In addition, the requirement that the instrument be "effective as a contract, gift, conveyance, or trust" is satisfied. *See* AS 13.31.070(a). As previously stated, a share of stock may properly be regarded as a contract between a shareholder and his corporation. The joint tenancy designation can appropriately be characterized as a provision naming a third-party beneficiary. *See Corbin on Contracts* § 783 (1951). Thus, the joint tenancy designations on the stock certificates were "effective as a contract."

In conclusion, the validating statute applies and requires that an otherwise valid provision in a stock certificate be regarded as nontestamentary. Consequently, we hold that the joint tenancy designations on the stock certificates in this case are valid and effective will substitutes.

AFFIRMED.

(Emphasis added.) Shares of a corporation's stock evidenced by stock certificates clearly are "certificated securities," and therefore are among the specifically enumerated instruments in the current statute.

**6.** *Cf. Hansen v. Stroecker,* 699 P.2d 871, 874–75 (Alaska 1985) (stating that where we had never ruled on question of whether to adopt "wait-and-see" approach as common law rule, and where legislature had enacted a prospective statute embodying "wait-and-see" approach, we were influenced by the statute in determining common law rule applicable to suit filed prior to the effective date of the statute).