James **PARSON**, Appellant,

v.

**STATE of Alaska, DEPARTMENT OF REVENUE, ALASKA HOUSING FINANCE CORPORATION, Appellee.**

No. S–12486.

Supreme Court of Alaska.

July 25, 2008.

---

C.R. Kennelly, Law Office of C.R. Kennelly, and Ted Stepovich, Anchorage, for Appellant.

Richard W. Postma, Jr., Margaret Paton–Walsh, Assistant Attorneys General, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

WINFREE, Justice.

## I. INTRODUCTION

James Parson appeals from a superior court judgment dismissing his employment-related claims against Alaska Housing Finance Corporation (AHFC). After the Alaska State Commission for Human Rights closed Parson's administrative complaint of racial discrimination because Commission staff found a lack of substantial evidence to support it, Parson sued AHFC in superior court. Parson pled several causes of action, including statutory racial discrimination. AHFC moved for summary judgment on all of Parson's claims or, alternatively, for conversion of the statutory discrimination claims to an administrative appeal. The superior court ruled that the Commission proceedings had resulted in an "acquittal" that barred

Parson's direct statutory discrimination claims against AHFC, but converted those claims into an administrative appeal of the Commission's decision to close his agency complaint. The court granted summary judgment dismissing all of Parson's direct claims. After the court refused to enter partial final judgment to allow him to appeal the dismissal of all of his direct claims, Parson voluntarily dismissed the putative administrative appeal. This appeal followed. Because we conclude that the Commission's closure of Parson's agency complaint for lack of substantial evidence does not bar him from bringing his statutory discrimination claim in superior court, we reverse the grant of summary judgment in favor of AHFC and remand for further proceedings on Parson's statutory discrimination claims.

## II. FACTS AND PROCEEDINGS

Parson, an African–American, was originally hired by AHFC as a temporary laborer and gained permanent status in 1993. In October 2002 Parson's employment was terminated for failure to complete an anger management program that AHFC required him to attend after other employees complained that he had acted in a threatening manner toward them. Parson met with an anger management counselor three times but refused to admit any wrongdoing. As a result, the program counselor sent him back to AHFC "to resolve [the] matter." AHFC then terminated his employment.

Parson filed a complaint with the Commission, alleging that his termination and other actions by AHFC during the course of his employment amounted to racial discrimination and retaliation for numerous complaints he had made. AHFC denied the allegations, asserting that Parson had been terminated for failure to accept responsibility for and rectify unacceptable behavior toward coworkers and supervisors. A Commission staff member conducted an informal investigation, ultimately determining that Parson's allegations were "not supported by substantial evidence." The Commission's executive director then issued a closing order.[1]

**1.** We described this process in *State, Department* *of Fish & Game, Sport Fish Division v. Meyer,*

A month later, Parson filed a complaint in superior court. He claimed: (1) his termination was racially motivated; (2) he was subjected to race-based discriminatory conduct throughout his AHFC employment; (3) AHFC's conduct violated his "contractual rights and contractual due process" and was a breach of the covenant of good faith and fair dealing; and (4) his termination was "in violation of public policy." Parson further asserted that the Commission had "dismissed the case without a hearing in violation of Plaintiff's due process, equal protection and Title 18 rights under AS 18.20.220" and that "[t]o the extent it can be appealed or should be, plaintiff does so by this complaint." [2] AHFC answered the superior court complaint by denying all allegations of racial discrimination and motivation. AHFC also asserted several defenses, among them that Parson had not properly perfected an administrative appeal and that res judicata or collateral estoppel barred his claims.

AHFC filed a motion for summary judgment on all of Parson's claims. As to Parson's statutory discrimination claims, AHFC requested that the superior court either dismiss them or convert them into an administrative appeal of the Commission's decision. AHFC argued that AS 18.80.280 [3] barred Parson from bringing statutory discrimination claims in superior court because the Commission's closure of Parson's case for lack of substantial evidence was an "acquittal" of AHFC, and therefore Parson's sole remedy was an administrative appeal of the Commission decision. Alternatively, AHFC asked that Parson's statutory discrimination claims be dismissed on their merits, arguing that Parson could not make a prima facie case of discrimination or show pretext for the firing.

Parson opposed summary judgment, filing an affidavit to dispute some of AHFC's factual allegations. He argued that the Commission's administrative closure was not a final decision on the merits of his claims and noted that he had appeared without counsel before the Commission and was "incapable of litigating or adequately assisting the [Commission] staff in its investigation and unable to effectively represent himself" before the Commission. Parson reiterated his contention that he was entitled to a hearing before the Commission and asked the superior court to remand the case to the Commission if it viewed the Commission's jurisdiction as exclusive.

Three weeks before the scheduled start of a jury trial, the superior court granted summary judgment in favor of AHFC. Stating that AS 18.80.280 precluded "claims under the Human Rights Act ... when the [Commission] has issued a final agency decision with respect to the same alleged violation by AHFC," the superior court also granted summary judgment against Parson "insofar as [he] seeks to litigate the alleged violation in this court." But the court also determined that "Parson should be accorded an opportunity for appellate review by this court of the [Commission's] decision"; to that end, Parson's statutory discrimination claims were converted into an administrative appeal. The superior court dismissed Parson's other claims for failure to exhaust collective bargaining grievance procedures.

Parson requested but was denied reconsideration. He then requested but was denied

906 P.2d 1365, 1368 (Alaska 1995):
 The Alaska Civil Rights Act permits a person aggrieved by discriminatory conduct to file a complaint with the Alaska State Commission for Human Rights. AS 18.80.100. The executive director or a staff member must then informally investigate the complaint to determine whether the allegations of the complaint are supported by substantial evidence. AS 18.80.110. If the investigator determines that the allegations are supported by substantial evidence, "the investigator shall immediately try to eliminate the discrimination complained of, by conference, conciliation, and persuasion." *Id.* By implication, if the investigator determines that the allegations of the com-

plaint are not supported by substantial evidence, the complaint is dismissed.
This was clarified and confirmed by the legislative enactment of AS 18.80.112, effective in 2006. Ch. 63, §§ 4 & 14, SLA 2006.

2. *Cf. Meyer*, 906 P.2d at 1369–74 (Commission decision to close a complaint for lack of substantial evidence is judicially reviewable.).

3. AS 18.80.280 provides: "The acquittal of a person by the commission or a court of competent jurisdiction of any alleged violation of this chapter is a bar to any other action, civil or criminal, based on the same act or omission."

entry of partial final judgment as to the claims dismissed by the superior court. Parson then moved for a voluntary dismissal of the putative administrative appeal and for entry of final judgment. AHFC did not oppose the motions, and the court entered final judgment against Parson. Parson appealed the court's grant of summary judgment dismissing all of his direct claims against AHFC. But Parson briefed only the dismissal of his statutory discrimination claims and limited his request for relief to a remand for proceedings on those claims, thus waiving appeal of the dismissal of his other claims.[4]

## III. DISCUSSION

### A. Standard of Review

■■■■ We review a grant of summary judgment de novo.[5] Summary judgment is proper if there is no genuine factual dispute and the moving party is entitled to judgment as a matter of law.[6] In reviewing a summary judgment motion, we draw all reasonable inferences in favor of the nonmoving party.[7] We may affirm a grant of summary judgment on any basis appearing in the record.[8] The interpretation of a statute is a question of law to which we apply our independent judgment, interpreting the statute according to reason, practicality, and common sense, considering the meaning of the statute's language, its legislative history, and its purpose.[9]

### B. The Commission's Closure of Parson's Administrative Claim Does Not Bar Direct Claims Against AHFC in Superior Court.

The Alaska Human Rights Act[10] creates concurrent jurisdiction over discrimination claims; both the Commission and the superior court can hear a discrimination claim under the Act.[11] Jurisdictional conflict in concurrently filed complaints is avoided by requiring that a plaintiff serve the Commission with a copy of a superior court complaint, thus giving the Commission the right to intervene and seek a deferral of court proceedings upon certification that it "is presently investigating or actively dealing with [the matter] giving rise to the cause of action."[12] If the Commission fails to intervene or file a certification and conduct a hearing on the plaintiff's claim, the court has complete jurisdiction.[13]

In some circumstances, a final determination on the merits of a claim by the Commission will preclude a subsequent action in superior court on all or part of the same claim.[14] The superior court's reliance on AS 18.80.280[15] when granting summary judgment to AHFC indicates its agreement with AHFC's contention that the Commission's closure of Parson's discrimination complaint was an "acquittal" barring a superior court action.

■■■■ The Commission's decision closing Parson's case was not an acquittal of AHFC for purposes of AS 18.80.280. In interpret-

**4.** *Alaska Cont'l Bank v. Anchorage Commercial Land Assocs.*, 781 P.2d 562, 563 n. 2 (Alaska 1989) (issues raised in points on appeal but not briefed are waived).

**5.** *Parker v. Tomera*, 89 P.3d 761, 765 (Alaska 2004) (citing *Therchik v. Grant Aviation*, 74 P.3d 191, 193 (Alaska 2003)).

**6.** *Id.*

**7.** *Moore v. Allstate Ins. Co.*, 995 P.2d 231, 233 (Alaska 2000) (citing *Parson v. Marathon Oil Co.*, 960 P.2d 615, 618 (Alaska 1998)).

**8.** *Parker*, 89 P.3d at 765 (citing *Martinez v. Ha*, 12 P.3d 1159, 1162 (Alaska 2000)).

**9.** *Grimm v. Wagoner*, 77 P.3d 423, 427 (Alaska 2003) (citing *Native Vill. of Elim v. State*, 990 P.2d 1, 5 (Alaska 1999)).

**10.** *See* AS 18.80.010–.300.

**11.** *See* AS 18.80.060(a)(4), (b)(3); AS 18.80.100–.130; AS 18.80.145; AS 22.10.020(i); *Johnson v. State, Dep't of Fish & Game*, 836 P.2d 896, 900, 905 (Alaska 1991).

**12.** AS 18.80.145(a).

**13.** AS 18.80.145(d).

**14.** *See* AS 18.80.280 (claim preclusion by Commission acquittal); *Johnson*, 836 P.2d at 907 (issue preclusion).

**15.** *See supra* note 3.

ing this provision, we look at the ordinary meaning of the statutory language because it has not acquired a peculiar meaning through statutory definition or previous judicial construction.[16] Relying on *Black's Law Dictionary*, AHFC argues here, as it did in the superior court, that "acquittal" and "dismissal" are equivalent, but the definitions of these words differ in one crucial way: an acquittal generally comes after a trial, while a dismissal generally comes before a trial.[17] When discrimination complaints are before both the Commission and the superior court at the same time and the Commission does not seek to defer the court proceedings or ultimately does not hold an adjudicatory hearing, the superior court has "complete jurisdiction of the case, notwithstanding the provisions of AS 18.80.280."[18] It should be no different when the Commission fails to hold a hearing and closes a case before a complaint is filed in superior court. The Commission never adjudicated the merits of Parson's discrimination claims and therefore did not acquit AHFC. Because the Commission did not acquit AHFC, Parson's superior court claims were not foreclosed by AS 18.80.280. The superior court erred in holding that they were.

■■■ AHFC also argues that even if the Commission's closure of Parson's complaint was not an "acquittal," it was a "dismissal with prejudice," creating a preclusive effect in the nature of res judicata or collateral estoppel. Administrative adjudications can have preclusive effect in later court proceedings in some circumstances.[19] But we previously have stated that "[t]he preclusive use of prior administrative findings must always

be fair" and that fairness "at a minimum" requires that the administrative process follow the "essential elements of adjudication," including notice and an opportunity to present and rebut evidence, a formulation of issues of fact and law, and other procedural elements necessary for a conclusive determination of the issue.[20] Issue preclusion can apply only when the issue to be precluded from relitigation is identical to the issue already litigated, there has been a final judgment on the merits, and the determination of the issue was essential to that final judgment.[21]

■■■ AHFC argues that in closing Parson's case for lack of substantial evidence, the Commission used essentially the same standard the superior court would use for a summary judgment motion. AHFC then proceeds by analogy: because dismissal of a court case without prejudice is generally not reviewable,[22] judicial review of an administrative order closing a case must be available only if the closing order is with prejudice.[23] AHFC concludes from this that the Commission's closure was an adjudication giving rise to preclusive effects.

■■■ This argument fails to recognize that we have distinguished administrative determinations from trial court decisions and held that "[a]n *agency* determination need not be 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment' in order to be ripe for judicial review."[24] The fact that the closure of Parson's case was a final agency action subject to judicial review does not mean that the closure was a dismissal "with

**16.** *Dansereau v. Ulmer,* 903 P.2d 555, 564 (Alaska 1995) (citing *Foreman v. Anchorage Equal Rights Comm'n,* 779 P.2d 1199, 1201 (Alaska 1989)).

**17.** BLACK'S LAW DICTIONARY 25, 502 (8th ed.2004). In a somewhat analogous context, the prosecution's dismissal of criminal charges before trial is not an acquittal, but if the prosecution presents insufficient evidence at trial to sustain a conviction, the court may enter a judgment of acquittal. *Compare* Alaska R.Crim. P. 43(a) *with* Alaska R.Crim. P. 29; *see also State v. Williams,* 730 P.2d 806, 807–08 (Alaska 1987); *Morgan v. State,* 673 P.2d 897, 901 (Alaska App.1983).

**18.** AS 18.80.145(d).

**19.** *Johnson,* 836 P.2d at 906–07.

**20.** *Id.* at 908.

**21.** *Id.* at 906.

**22.** *Sherry v. Sherry,* 622 P.2d 960, 963 n. 4 (Alaska 1981).

**23.** *See supra* note 2.

**24.** *Meyer,* 906 P.2d at 1371 (quoting *Greater Anchorage Area Borough v. City of Anchorage,* 504 P.2d 1027, 1030–31 (Alaska 1972)).

prejudice" precluding a lawsuit in superior court.[25] Moreover, an informal investigation by Commission staff does not contain the essential elements of adjudication. Closure of Parson's case after an informal staff investigation without any kind of adversarial activity or decision on the merits by an independent fact-finder is not a "dismissal with prejudice" and does not give rise to issue or claim preclusion in a subsequent lawsuit in superior court.

### C. Parson's Voluntary Dismissal of the Administrative Appeal Does Not Bar Appeal of the Superior Court's Grant of Summary Judgment.

AHFC asserts that Parson is barred from appealing the superior court's summary judgment ruling because of his voluntary dismissal of the administrative appeal. AHFC's argument rests on cases holding that a party who agrees to a dismissal waives the right to an appeal.[26]

Parson's case is distinguishable from those AHFC relies on because Parson voluntarily dismissed only one claim—his putative administrative appeal—after the trial court already had granted summary judgment against him on his direct claims.[27] Parson does not seek review of the merits of the Commission's determination, and he is not appealing from a judgment related in any way to the administrative appeal. While his voluntary dismissal of the administrative appeal does preclude further review of the Commission's actions,[28] it does not foreclose Parson from appealing the earlier summary judgment ruling barring Parson from bringing direct statutory discrimination claims against AHFC in superior court.

 AHFC contends that Parson should not be allowed to appeal the superior court's conversion of his discrimination claim to an administrative appeal because Parson "invited the error." The invited error doctrine does not prohibit appellate review, but rather embodies the notion that errors that are invited are "less worthy of consideration" by an appellate court than those where a party "merely fails to object."[29] When an error is invited, an appellate court examines the error to see if there is an "exceptional situation" where reversal is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice.[30] The invited error doctrine does not apply here, despite the language of Parson's complaint reflecting a desire to appeal the Commission's closing order, because Parson did not actively seek, but rather actively opposed, the order barring his direct statutory discrimination claims and converting them into an administrative appeal.

AHFC also argues that if the superior court erred in barring Parson from bringing direct statutory discrimination claims, instead converting those claims into an administrative appeal, it was harmless error. AHFC contends that Parson can show no prejudice from the ruling because (1) the superior court could have conducted a trial de novo on appeal, and (2) the superior court's potential appellate remedies would have been the same as its potential trial-court remedies. This argument is undercut by AHFC's concerted efforts to avoid Par-

---

25. Nothing in the pre–2006 Human Rights Act, the Commission's regulations, or our case law implies that a closure for lack of substantial evidence after an informal investigation is a dismissal with prejudice. In 2006 the Human Rights Act was amended to clarify, *inter alia,* that closure for lack of substantial evidence does not prevent a superior court action on the same facts. AS 18.80.112(d); ch. 63, § 4, SLA 2006. While this section does not apply to Parson's complaint, *see* ch. 63, § 14, SLA 2006, it supports our conclusion. *See In re Estate of Evanco,* 955 P.2d 525, 528 (Alaska 1998) (policy in successor statute is factor to be considered in construing ambiguous statute that has not been interpreted).

26. *E.g., Legge v. Greig,* 880 P.2d 606, 607–09 (Alaska 1994); *Gravel v. Alaskan Vill., Inc.,* 409 P.2d 983, 986 (Alaska 1966).

27. *See DeNardo v. Corneloup,* 163 P.3d 956, 959–62 (Alaska 2007) (reviewing claims not dismissed voluntarily by appellant but holding review of dismissed claim unavailable).

28. *See id.* at 959–60.

29. *People of Guam v. Alvarez,* 763 F.2d 1036, 1037 (9th Cir.1985).

30. *Id.* at 1038 (quoting *Marshall v. United States,* 409 F.2d 925, 927 (9th Cir.1969)).

 

son's direct claims. It is telling that had Parson been allowed to take his discrimination claims to trial, he would have had not only a full trial on the merits of his claims, but a *jury* trial on the merits of his claims. In an administrative appeal, on the other hand, Parson could have requested a trial de novo,[31] but there was no guarantee that the court would grant the request,[32] much less that his claim would be heard by a jury.[33] This is sufficient to overcome AHFC's "harmless error" argument.

## D. We Decline To Consider Alternative Grounds for Affirming the Superior Court's Grant of Summary Judgment.

AHFC asks that we affirm the superior court's summary judgment ruling on the alternative ground that Parson did not make a prima facie case of discrimination, or, if he made a prima facie case, that he was not able to show pretext after AHFC put forward a legitimate, nondiscriminatory reason for his termination. Although an appellate court may affirm a grant of summary judgment based on any grounds appearing in the record, this power is discretionary.[34] Here, we prefer that the superior court allow the parties an appropriate opportunity to marshal their evidence and then examine that evidence to determine whether AHFC is entitled to summary judgment on the merits of Parson's statutory discrimination claims.

## IV. CONCLUSION

Because the Commission's closure of Parson's administrative complaint after an informal investigation was not an acquittal of AHFC and did not contain the required adjudicative elements to give rise to any preclusive effect, we REVERSE the superior court's grant of summary judgment to AHFC

on Parson's statutory discrimination claims. We REMAND for further proceedings on those claims.

---

**31.** AS 44.62.570(d); Alaska R.App. P. 609(b).

**32.** *See Sw. Marine, Inc. v. State, Dep't of Transp. & Pub. Facilities, Div. of Alaska Marine Highway Sys.,* 941 P.2d 166, 179 (Alaska 1997) (citing *Kott v. City of Fairbanks,* 661 P.2d 177, 180 n. 1 (Alaska 1983) (describing trials de novo on appeal as "rare")).

**33.** AS 18.80.135(a) provides that judicial review of Commission decisions shall be under the provisions of the Alaska Administrative Procedures

Act, specifically AS 44.62.560–.570. AS 44.62.570(a) provides that an appeal shall be heard by the superior court sitting without a jury. Moreover, we previously have noted that the term "trial de novo" does not imply a right to a jury trial. *Fairbanks N. Star Borough v. Duncan,* 878 P.2d 641, 641 (Alaska 1994).

**34.** *Snyder v. Am. Legion Spenard Post No. 28,* 119 P.3d 996, 1001 (Alaska 2005).